[Civ. No. 2276.   Second Appellate District.—June 15, 1918.]

GREER–ROBBINS COMPANY (a Corporation), Respondent, v. PACIFIC SURETY COMPANY (a Corporation), Appellant.

APPEAL—ALTERNATIVE METHOD—TYPEWRITTEN TRANSCRIPTS NOT REVIEWABLE.—Appellate courts will not look to the typewritten transcripts filed under the alternative method of appeal, to determine whether ground exists for the reversal of the judgment appealed from.

INSURANCE LAW—DEFENSE OF SUITS COVERED BY POLICY—DUTY OF INSURER.—Where an indemnity policy provided that the insurer was to defend any suit against the insured to enforce a claim for dam-

ages covered by the policy, whether groundless or not, the insurer was required to defend every action in which the complaint showed a claim for damages covered by the policy, notwithstanding the suit was groundless and defeated, and where the insurer failed to defend, it was liable to the insured for the costs and expenses of the defense.

ID.—ACTION ON POLICY—RECOVERY OF COSTS AND EXPENSES OF DEFENDING ACTION—SUFFICIENCY OF COMPLAINT IN LIABILITY ACTION—APPEAL—RECORD—PRESUMPTION.—In an action on such a policy to recover costs and expenses of defending an action which the insurer failed to defend, where the record on appeal taken by the insurer failed to show whether the complaint disclosed that the complaint in the other action stated a cause of action, the appellate court is bound to assume in support of the judgment that such a showing was made.

APPEAL from a judgment of the Superior Court of Los Angeles County. Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

Goodrich & Martinson, for Appellant.

James, Smith & McCarthy, for Respondent.

WORKS, J., *pro tem.*—This appeal comes to us under the alternative method. The constant lapses, on the part of the profession, from a proper observance of the rules of practice governing the prosecution of appeals under this method have made it, to us and to the other appellate courts of the state, a dreadful alternative indeed. Once again, at more than a risk of repetition, we call attention to the fact that, under the method, and according to the provisions of section 953c of the Code of Civil Procedure, the parties must print in their briefs "such portions of the record as they desire to call to the attention of the court"; and that "appellate courts will not look to the typewritten transcript filed under the alternative method of appeal for the purpose of determining whether ground exists for the reversal of the judgment appealed from." (*Barker Bros.* v. *Joos,* 36 Cal. App. 311, [171 Pac. 1085].)

In this case the reproduction of parts of the record in the briefs is so scant that we are enabled to pass upon the questions presented only upon an indulgence in certain assumptions which the law permits us to make. Not enough of the pleadings is printed in the briefs to enlighten us as to the char-

acter of the litigation; and we are not informed, in the manner contemplated by section 953c of the Code of Civil Procedure, of anything concerning the final action of the trial court in the suit, for no part of the findings of fact, conclusions of law, or judgment is reproduced in the briefs. As, however, certain statements concerning these matters are made in the brief of the appellant, as they are not challenged in the respondent's brief, and as the respondent argues the case upon the assumption of their correctness, we will, in turn, assume that they are correct. The action appears, then, to be one in which the plaintiff, which was engaged in the business of advertising and selling automobiles, sued the defendant to'recover upon an automobile liability policy. The policy, speaking now in general terms, had been given to insure the plaintiff against loss or expense resulting from claims against plaintiff for damages on account of bodily injuries or death to be suffered by any person through the operation of plaintiff's automobiles. One Hill had brought an action for such damages against the plaintiff but had failed to procure judgment; and the present action was commenced to recover the costs and expenses incurred by the plaintiff in defending against that suit. One paragraph of the complaint in this action and one paragraph of the answer are printed in the appellant's brief, and by them it is shown that the plaintiff alleged and the defendant admitted that the person who was driving a certain car of plaintiff, at the time Hill claimed to have been injured by it, was doing so for his own pleasure, and that he was not then engaged in the business of the plaintiff. The parties concede that the policy was not broad enough to insure against damages recovered in such a case, but the present action, brought to recover the costs and expenses of defending the Hill suit, as already stated, was prosecuted under certain special provisions of the policy, under which the plaintiff claims the right to recover the amount of such costs and expenses, notwithstanding the fact that the defendant could not have been called upon to respond to any claim of plaintiff for damages which might have been recovered by Hill in his action. In this present action the plaintiff had judgment, according to the statements of counsel in the briefs, and the defendant appeals.

The appellant contends that the complaint did not state a cause of action, that neither the findings nor the judgment is

supported by the evidence, and that the findings do not sustain the judgment.   In effect, the contention of the appellant principally hinges on the presence in the complaint of the allegation that the person in charge of the respondent's automobile at the time of the alleged injury to Hill was operating it for his own pleasure.

The policy is printed in full in the appellant's brief and it is conceded by counsel that this action was grounded upon two of its paragraphs, which were as follows:

"In addition to the limits hereinafter specified, if any suit is brought against the assured to enforce a claim for damages covered by this policy, the company will defend such suit, whether groundless or not, in the name and on behalf of the assured.   The expenses incurred by the company in defending such suit, including costs, if any, taxed against the assured, will be borne by the company, whether the judgment is for or against the assured.

"If any suit, even if groundless, is brought against the assured to recover damages on account of injuries or deaths covered by this policy, the assured shall immediately forward to the company or to the office of its nearest authorized general agent, every summons or other process served, or copy thereof.   Thereupon the company will, at its own cost and expense, defend such suit in the name and on behalf of the assured."

The company refused to defend against Hill's complaint, although it was requested to do so, the process which was served in the action having been delivered to it as required by the policy.   It will be noted that, in each of the paragraphs quoted above, the suits which the appellant agrees to defend are stated to be those brought to recover damages upon claims "covered by this policy."   The appellant contends, in effect, that whether a given claim against the respondent is covered by the policy is to depend, under the paragraphs quoted, upon the outcome of the action brought to enforce such claim; that, if the litigation upon a given demand develops a case in which the claim is not covered by the policy, then and in that event, and for that reason only, the appellant may assert that the action was not one which it was bound to defend; that, in short, whether there be an obligation to defend may be determined after the time for the performance of the obligation has entirely elapsed, instead of before it has commenced to

run. If the position of the appellant were adhered to in all cases, it would work an alteration in the very language of the policy. It would change its terms from those imposing an obligation evidenced by the words "will defend" to terms laying a duty indicated by some such words as "should have defended." Moreover, it would altogether wipe out the obligation to defend, no matter how strong a case were made on the face of a complaint for damages against the assured, for under such a rule the appellant need never defend. Upon an independent investigation of the facts in each case, or without investigation, the appellant could decline to defend, thus imposing upon the assured, in every case, the obligation to defend itself, an obligation which certainly, under the policy, was intended to be discharged by the appellant in some cases. The result would be that the question whether the appellant "will defend," no matter what the form of the complaint in a given case—a question necessarily to be answered at the inception of a litigation—could be answered through the whim, caprice, or judgment of the appellant itself. There is a more certain basis for a determination of the liability of the appellant to defend, and that basis is to be found in the allegations of the complaint in each action for damages against the respondent. We construe the policy to mean that it is the duty of the appellant, under its terms, to defend every action in which the complaint shows "a claim for damages covered by this policy." These views are in accord with those expressed in *South Knoxville Brick Co.* v. *Empire State Surety Co.*, 126 Tenn. 402, [Ann. Cas. 1913E, 107, 150 S. W. 92, 94], where a policy similar to the one now before us was construed.

We are forced, now, to return to the question of the failure of the parties to observe the provisions of section 953c of the Code of Civil Procedure. It is not shown to us, by the reproduction of any part of the record in the briefs, whether the plaintiff's pleading did or whether it did not show that the complaint in the Hill case stated or attempted to state a cause of action covered by the policy complained of, or whether the evidence showed, under any appropriate issue, what were the allegations of Hill's complaint. The respondent asserts in its brief that the complaint in the Hill case stated such a cause of action, but is silent on the question as to whether the fact was pleaded in the complaint in this action, or as to whether the evidence in this action showed it; but no statement of the re-

spondent could take the place of the reproduction of the record, as required by section 953c, unless it were assented to by the appellant, and the appellant has presented no brief since the respondent's brief was filed. We are bound to assume, however, in support of the judgment now appealed from, such a state of the record of the trial court, the contrary not appearing, as will support the findings. (*Paine* v. *San Bernardino V. T. Co.*, 143 Cal. 654, [77 Pac. 659].) We will therefore assume, as the state of the pleadings in the Hill case was most material to a determination of this case, as we have already decided, that it appeared to the trial court, either from the pleadings or from satisfactory evidence under them, that the complaint in that action showed against the respondent a claim for damages which was covered by the policy now sued on.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 12, 1918.