Jones, J.
 

 Since the evidence tended to show that the driver, Sehroer, “the man in charge of the truck that was overturned, was a chauffeur regularly employed by Braun & Kipp to operate this truck,” the Court of Appeals was of the opin
 
 *616
 
 ion that this fact raised the presumption that the chauffeur was acting within the scope of his employment at the time of the accident, and that therefore, a
 
 prima facie
 
 case was made which required submission to the jury. Had the proof simply shown that Schroer was the regular driver of the truck, employed by the owners for that purpose, and that at the time of this accident he was driving the truck with the owners’ authority, express or implied, the presumption would obtain that Schroer was acting within the scope of his employment. This would be conformable to the decision of this court in
 
 White Oak Coal Co.
 
 v.
 
 Rivoux, Adm’x.,
 
 88 Ohio St., 18, 102 N. E., 302, 46 L. R. A., (N. S.), 1091, Ann. Cas., 1914C, 1082. But the case made by the plaintiff disclosed a state of facts which not only rebutted but more than countervailed any such presumption.
 

 The evidence of the plaintiff shows affirmatively, and without room for dispute, that Schroer was not employed by the owners to drive the truck on the Sunday in question; nor was the truck driven in connection with the owners’ business, nor for their benefit. The truck was loaned to a charitable organization for a special service, for its own use and benefit, and at the instance of the organization. The owners allowed the driver to operate the truck, but exercised no control over the driver either in requiring him to perform the special service or in directing the manner of its performance; nor was the driver to receive any compensation from the owners. Mr. Stein, acting for the Boys ’ Protectory, assumed entire control over the driver, and direct
 
 *617
 
 ed the roads he should travel from the end of the car line to the picnic grounds. It is clear that Braun & Kipp’s sole connection with the entire transaction was the charitable one of loaning their truck to the society. There is no room for the application of the rule
 
 respondeat superior,
 
 whereby the owner of the truck can be held for the negligent acts of Schroer. The test of a master’s liability lies in proof of the fact that, if the negligent act was done by a servant, it was done in the course of his master’s employment and while engaged in the service of the master.
 
 Lima Ry. Co.
 
 v.
 
 Little,
 
 67 Ohio St., 91, 65 N. E., 861;
 
 Coal Co.
 
 v.
 
 Rivoux, supra; Elms
 
 v.
 
 Flick,
 
 100 Ohio St., 186, 126 N. E., 66.
 

 The test of liability upon the part of the master alluded to in the Ohio authorities has been so generally recognized and applied by the courts that it would be futile to refer to the many authorities covering the phase presented. The following cases are, we think, peculiarly in point:
 
 Pease
 
 v.
 
 Montgomery,
 
 111 Me., 582, 88 A., 973;
 
 Janik
 
 v.
 
 Ford Motor Co.,
 
 180 Mich., 557, 147 N. W., 510, 52 L. R. A., (N. S.), 294, Ann. Cas., 1916A, 669;
 
 Doran
 
 v.
 
 Thomsen,
 
 74 N. J. Law, 445, 66 A., 897.
 

 In the special engagement which Schroer was pursuing at the time of the accident he was in no wise the servant of the owners of the loaned truck, but became the servant of the temporary master under whose employment and control he was then acting.
 

 For the reasons stated the judgment of the
 
 *618
 
 Court of Appeals is reversed and that of the common pleas affirmed.
 

 Judgment reversed.
 

 Marshall, C. J., Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.