## YENSEL v DAYTON RUBBER MFG. CO

Ohio Appeals, 2nd Dist, Montgomery Co

No 922. Decided July 2, 1929

I. L. Jacobson, Dayton. for Yensel.
Burkhart, Heald & Pickrel, Dayton, for Rubber Co.

ALLREAD, J.

It appears from the admissions of counsel for the defendant in error that Earl Weaver was a regular truck driver of the defendant in error, and was employed upon and in engaged in driving said truck in the business of the company until twelve o'clock noon of that day. There were no admissions covering the subsequent period. This accident took place in the afternoon, shortly after two-thirty o'clock of said day. The only evidence in addition to the admissions is that of Reubenstein, who testifies that after the collision he found evidence on the truck of liquor, and also that the driver of said truck was drunk.

Reubenstein also testifies that the truck carried boards in such a manner as to indicate its use in carrying passengers. The record is silent, however, as to any mission or errand of Earl Weaver at this particular time for the business of his principal. We think the burden of proof was upon the plaintiff, and this fact should have been established or at least there should have been some evidence tending to establish the same.

The fact that he was in the employ of the company and was driving the truck on the business of the company until twelve o'clock noon of that day, is no evidence that he was driving the truck in the business of the company at the time of the accident.

We have carefully considered the authorities upon this subject. In our judgment the case of the **White Oak Coal Company vs. Rivoux, 88 OS. 18** and the case of **Braun vs. Overdack, 113 OS. 613** are to the effect that evidence at least tending to support this proposition must be offered by the plaintiff.

Counsel for plaintiff in error relies upon the case of **Rosenberg vs. Reynolds, 11 Ohio Appeals, page 70**. We have carefully examined that case and while there are many points similar in that case and the case at bar, the cases cited by the defendant in error are subsequent thereto and in our judgment are controlling.

We are, therefore, of opinion that the judgment of the Court of Common Pleas must be affirmed.

Kunkle and Hornbeck, JJ, concur.