## MATHIS v. LIGON et al.
### No. 11.

Circuit Court of Appeals, Tenth Circuit.
March 7, 1930.

456

For former opinion, see 37 F.(2d) 635.

C. Dale Wolfe and W. M. Haulsee, both of Wewaka, Okl., for appellant.

Before LEWIS, PHILLIPS, and McDERMOTT, Circuit Judges.

PHILLIPS, Circuit Judge.

Counsel for appellant, Mathis, have filed a petition for rehearing, seeking reversal of the decree appealed from, on two grounds which were not presented in the oral argument nor emphasized in the written briefs.

First. That "prior to and at the commencement of this suit, jurisdiction of the same subject-matter, * * * between the same parties, was vested exclusively in the District Court of Seminole County, Oklahoma."

Second. That "there was no diversity of citizenship between the parties to this cause on the controversy over the title and validity of said resale deed."

Mathis, in his answer to the bill of complaint of Maceo Raines, the plaintiff below, alleged:

"That he has been at all times, since the execution and delivery to him of said re-sale tax deed, the owner of said land involved in this action under said re-sale tax deed, and has at all times since claimed said land under and by virtue of said re-sale tax deed and is now claiming the same as against the other defendants in this action, in an action now pending in the District Court of Seminole County, State of Oklahoma, wherein the said J. A. Ligon, J. D. Garner, Mabel Garner and W. E. Casey are plaintiffs and this answering defendant, M. P. Mathis, and others, are defendants."

In her reply thereto, Maceo Raines denied such allegation.

The defendants below, other than Mathis, in their answers to the complaint of Maceo Raines alleged:

"That the validity of said re-sale tax deed now is and was at the commencement of this action in litigation between the defendant, J. A. Ligon, and the defendant, M. P. Mathis, in the District Court of Seminole County, Oklahoma, in a cause numbered 8827 and entitled J. A. Ligon, et al., plaintiffs, v. Louisiana Noble, et al., defendants, of which said litigation the said District Court of Seminole County, Oklahoma, then had and now has full and complete jurisdiction."

In her replies thereto, Maceo Raines denied such allegation.

From the time such replies were filed, the record in this cause is silent as to the action in the district court of Seminole county and, for aught that appears, it may have been long since dismissed.

The fact that the parties submitted no proof of the allegations which were denied and in no wise called the matter further to the attention of the trial court would indicate that the action in the state court had been disposed of without any judgment or decree which interfered with the right of the federal court to proceed in the instant case.

Assuming that the pendency of such action in the district court of Seminole county were grounds for staying the prosecution of the instant case in the federal court, it would not preclude the plaintiff below from instituting the instant action nor require the abatement thereof after it had been commenced. Zimmerman v. So Relle (C. C. A. 8) 80 F. 417, 420; Hughes v. Green (C. C. A. 8) 84 F. 833, 835; Williams v. Neely (C. C. A. 8) 134 F. 1, 15, 69 L. R. A. 232; Barber Asphalt Pav. Co. v. Morris (C. C. A. 8) 132 F. 945, 948, 67 L. R. A. 761; Boatmen's Bank of St. Louis v. Fritzlen (C. C. A. 8) 135 F. 650, 667; Heidritter v. Elizabeth Oil-Cloth Co., 112 U. S. 294, 304, 5 S. Ct. 135, 28 L. Ed. 729.

Under the present record, we must assume that, when the district court proceeded to trial in the instant case, the action in the district court of Seminole county was no longer pending and that no decree had been entered therein, with which the decree in the instant case would constitute an undue interference.

The second proposition is predicated upon the contention that the court was without jurisdiction over the counterclaim filed by Mathis against his codefendants and against Maceo Raines.

The counterclaim constituted what was formerly known, in the equity practice, as a cross-bill. It involved the validity of the resale tax deed and the title, if any, which passed to Mathis by virtue thereof, and by it Mathis sought to establish affirmatively the validity of such resale tax deed and his title thereunder, as against Maceo Raines and his codefendants. In her original bill of complaint, Maceo Raines tendered, as an issue, the question of the validity of such tax deed and the title of Mathis thereunder.

A cross-bill is a pleading filed by a defendant in a suit against the plaintiff in the same suit or against the other defendants in the same suit, or against both, touching the matters in question in the original bill. It must be either in aid of a defense to the original bill or to obtain full relief to all parties touching the matters of the original bill. Morgan's Co. v. Texas Cent. Ry., 137 U. S. 171, 200, 201, 11 S. Ct. 61, 34 L. Ed. 625; Landon v. Public Utilities Co. (D. C.) 234 F. 152, 167; 21 C. J., p. 498, § 597. Such a cross-bill is ancillary to the original suit and, if the court has jurisdiction of the case made by the original bill, it has jurisdiction of a dependent cross-bill. Rickey L. & Co. v. Miller & Lux, 218 U. S. 258, 263, 31 S. Ct. 11, 54 L. Ed. 1032; Railroad Co. v. Chamberlain, 6 Wall. 748, 18 L. Ed. 859; Osborne & Co. v. Barge (C. C.) 30 F. 805; First Nat. Bank of Salem v. Salem Capital Flour Mills (C. C.) 31 F. 580; Freeman v. Howe, 24 How. 450, 460, 16 L. Ed. 749; Brooks v. Laurent (C. C. A. 5) 98 F. 647, 652.

Since the court had jurisdiction of the case made by the original bill in the instant case it had jurisdiction of the cross-bill, which was a germane, ancillary proceeding.

For the reasons stated, the petition for rehearing is denied.