## OSBER *v.* YEGGERMAN.

(Decided December 22, 1930.)

*Messrs. Sawyer & Pichel,* for plaintiff in error.

*Mr. Benjamin P. Pink,* for defendant in error.

HAMILTON, J. Samuel Yeggerman, plaintiff below, defendant in error in this court, filed an action against the defendant below, Minnie Osber, plaintiff in error here, seeking to recover for personal injuries suffered in an automobile accident.

The petition alleged that Yeggerman was a passenger in a Nash sedan automobile, which belonged to the defendant, Minnie Osber, and was operated by, and under the control of, her agent and servant, duly authorized in that behalf by her. The allegation of negligence is as follows:

"Plaintiff says that the said automobile of the defendant, which was in charge of her duly authorized agent and servant in that behalf, was being driven west on Glenway Avenue, in Price Hill, Cincinnati, Ohio, and was so operated until it reached McPherson Avenue, in said city.

"Plaintiff further says that at said time it was raining and the streets were wet and slippery, and that the automobile of the defendant, through her duly authorized agent and servant in that behalf, was being operated carelessly and negligently in that the said operator of said automobile permitted the same to get beyond his control, and, further, drove the same at a fast, rapid and unlawful rate of speed, in excess of 30 miles per hour, so as to endanger the life, limb and property of those using the said streets, and, particularly, the passengers in the said automobile; and further, by driving said automobile with a spring in the accelerator thereof in a defective and faulty condition which caused the said accelerator to go clear to the floor boards of the said automobile,

and to furnish excessive gas to the carburetor, thereby causing the automobile to skid at least twenty-five feet and completely around from its natural course and on to its right side on the sidewalk portion of McPherson Avenue.''

The answer admitted that plaintiff was in the automobile of the defendant about the time alleged in the petition, but denied generally all other allegations.

The pleadings present three issues: First, whether or not the driver of the automobile was the agent and servant of Mrs. Osber; second, were the injuries caused by the negligence of the driver of the automobile; and, third, the extent of the injuries.

The third proposition may be passed with the observation that the plaintiff suffered injuries, and that the extent thereof and the amount of damage were for the jury.

The pertinent facts are: Mrs. Osber at the time of the accident was a resident of New Haven, Connecticut. She was visiting her invalid mother in Cincinnati. She was the owner of an automobile, and kept the same in Cincinnati for the frequent use of her father, Adolph Michelson, in going to and from the Roumanian Cemetery, of which he was the warden. While she was visiting at the home of her parents, a friend and acquaintance of her parents died. The director who conducted the funeral of the deceased phoned the father, Adolph Michelson, asking him to furnish a car to conduct some of the mourners to the cemetery. Mrs. Osber did not know the deceased, nor the family of the deceased, but knew of them and knew they were poor people. The father inquired of Mrs. Osber if she would like to send her car to take

some of the relatives to the funeral. She testified:
"My father asked if I would like to send my car, and
I said yes, I would take some of the relatives to the
funeral." She further testified: "Q. And the use
of the car was a matter of charity, was it, or was it
not? A. Yes, it was."

It appears that the father took the car, and, as al-
leged in the petition, it was raining and the streets
were wet, that while driving over Glenway avenue,
in Price Hill, at a speed of from 25 to 30 miles per
hour, the car skidded against the sidewalk and
turned over, causing the injuries complained of.

There is very little evidence, if any, of negligence
disclosed by the record, but perhaps sufficient to
take the case to the jury under the scintilla rule.
However, we are of opinion that the facts in the
case bring it within the decision of the Supreme
Court in *Braun* v. *Averdick,* 113 Ohio St., 613, 150
N. E., 41, in the opinion of which the court says at
page 616 (150 N. E., 41, 42): "The evidence of the
plaintiff shows affirmatively, and without room for
dispute, that Schroer was not employed by the own-
ers to drive the truck on the Sunday in question; nor
was the truck driven in connection with the owners'
business, nor for their benefit. The truck was loaned
to a charitable organization for a special service, for
its own use and benefit, and at the instance of the or-
ganization. The owners allowed the driver to oper-
ate the truck, but exercised no control over the driver
either in requiring him to perform the special service
or in directing the manner of its performance; nor
was the driver to receive any compensation from the
owners. Mr. Stein, acting for the Boys' Protectory,
assumed entire control over the driver, and directed

the roads he should travel from the end of the car line to the picnic grounds. It is clear that Braun & Kipp's sole connection with the entire transaction was the charitable one of loaning their truck to the society. There is no room for the application of the rule *respondeat superior*, whereby the owner of the truck can be held for the negligent acts of Schroer. The test of a master's liability lies in proof of the fact that, if the negligent act was done by a servant, it was done in the course of his master's employment and while engaged in the service of the master.''

Applying this pronouncement to the facts in the instant case, we have this situation: The evidence of the plaintiff shows affirmatively and without room for dispute that Michelson was not employed by Mrs. Osber to drive the automobile on the day in question; nor was the automobile driven for the owner's business, nor for her benefit; the automobile was loaned for a charitable purpose, for a special service, for the use and benefit of the bereaved family, and at the instance of the funeral director. Mrs. Osber allowed Michelson to operate the automobile, but exercised no control over him, either in requiring him to perform this special service, or in directing its performance; nor was Michelson to receive any compensation from Mrs. Osber. Mrs. Osber did not assume any control over Michelson, nor did she direct the road over which he should travel from the house to the cemetery. Her sole connection with the whole transaction was a charitable one, the loaning of her automobile for the benefit of the poor family. She did not go to the funeral and had no intention of going.

Under these facts, there is no application for the

rule of *respondeat superior,* whereby Mrs. Osber, the owner of the automobile, can be held for the negligent act of Michelson, if any.

We are therefore of the opinion that under the authority of *Braun* v. *Averdick, supra,* the trial court committed error in overruling the motion of the defendant for an instructed verdict.

The judgment will be reversed, and judgment will be entered here in favor of the plaintiff in error.

*Judgment reversed and judgment for plaintiff in error.*

Ross, J., concurs.