**SANCHEZ et al. v. UNITED STATES.**

No. 3948.

United States Court of Appeals
Tenth Circuit.

Oct. 25, 1949.

Harry L. Bigbee, Santa Fe, N. M., and Quincy D. Adams, Albuquerque, N. M., filed a brief for appellants.

Everett M. Grantham, U. S. Atty., and Albert H. Clancy, Asst. U. S. Atty., Santa Fe, N. M., filed a brief for appellee.

Before PHILLIPS, Chief Judge, MURRAH, Circuit Judge, and RICE, District Judge.

PHILLIPS, Chief Judge.

Appellants brought this action to recover damages under the Federal Tort Claims Act.[1] In their complaint they alleged that on June 20, 1948, Albino Sanchez, a minor, of the age of eight years, was injured in Dixon, Rio Arriba County, New Mexico, by the negligent operation of an automobile by one Lowell G. Hoflen, an employee of the United States and that at the time of the accident, Hoflen was acting within the scope of his employment and in line of duty. In its answer the United States denied that Hoflen was acting within the scope of his employment and in line of duty at the time of the accident.

Depositions of witnesses were taken and it was agreed by counsel for the parties that the issue of whether Hoflen, at the time of the accident, was acting within the scope of his office or employment should be decided upon a motion of the United States for summary judgment.

The evidence adduced at the hearing on the motion established these facts: On or about June 20, 1948, a child had been lost in the Penasco area in New Mexico. The New Mexico State Police requested Major Abner Schreiber, Deputy Chief Inspector of the Atomic Energy Commission Security Service, at Los Alamos, New Mexico, to lend assistance in the search for the child. Hoflen was a member of the Security Service Guard at Los Alamos. The duties of the Security Service Guard are to maintain internal security of the installation at Los Alamos, to afford police protection to the inhabitants at the installation, and to prevent ingress to, and egress from, the installation by unauthorized persons. It was customary for the officers of the Security Service to cooperate with local police officers. When the request came from the State Police, Major Schreiber called for volunteers from personnel off duty at Los Alamos. A search party was organized from such volunteers and Hoflen was a member of the group. Colonel John A. Carroll, Chief

Inspector of the Security Service, authorized Hoflen to use a radio-equipped, Government automobile. In engaging in the search, Hoflen was not engaged in any activities relating to his duties as a member of the Security Service and he performed no act for the benefit of the United States Government or the Atomic Energy Commission. The Government car used by him in the search was not used for any activity in furtherance of any business connected with the United States or the Atomic Energy Commission. Hoflen was acting as a volunteer and did not receive any compensation for the time he engaged in the search.

The trial court found that Hoflen, at the time of the accident, was not acting within the scope of his office or employment and entered judgment for the United States.

We think it is clear that Hoflen was not acting within the scope of his employment by the United States at the time of the accident.[2]

Neither do we think the United States lent the services of Hoflen and the automobile to the state officers and thereby became liable for his negligence. Hoflen was acting as a volunteer, not a lent servant. Moreover, there is nothing in the evidence to indicate that either Major Schreiber or Colonel Carroll had the right to control Hoflen in the performance of his duties with respect to the search for the lost child, either as to the result to be reached or as to the method of reaching the result. The reasonable inference to be deduced from the evidence is that the state officers directed and controlled Hoflen and the other persons engaged in the search.

The owner of a motor vehicle who transfers it with its driver to the service of a third person is not responsible for the negligent acts of the driver when, at the time of such acts, the driver is under the control and direction of the person

---

1. 60 Stat. 842, 61 Stat. 722, 28 U.S.C.A. §§ 1346, 2671 et seq.

2. Archuleta v. Floersheim Mercantile Co., 25 N.M. 632, 187 P. 272, 275, 40 A.L.R. 199.

to whom the vehicle and driver were loaned.[3]

Affirmed.

3. Balinovic v. Evening Star Newspaper Co., 72 App.D.C. 176, 113 F.2d 505, 506; Wylie-Stewart Machinery Co. v. Thomas, 192 Okl. 505, 137 P.2d 556, 559–562; Braun v. Averdick, 113 Ohio St. 613, 150 N.E. 41, 42; Devaney v. Lawler Corporation, 101 Mont. 579, 56 P. 2d 746, 749; McFarland v. Dixie Machinery & Equipment Co., 348 Mo. 341, 153 S.W.2d 67, 70, 136 A.L.R. 516.