## COLLIER v. HARVEY et al.
### No. 3912.

United States Court of Appeals
Tenth Circuit.

Dec. 28, 1949.

Tom Biggers, Wewaka, Okl. (Dick Bell, Seminole, Okl., on the brief), for appellant.

Duke Duvall, Oklahoma City, Okl. (C. A. Sims, Seminole, Okl. and Dudley, Duvall & Dudley, Oklahoma City, Okl., on the brief), for appellee, O. L. Harvey.

Gus Rinehart, Oklahoma City, Okl. (Butler & Rinehart, Oklahoma City, Okl., on the brief), for appellee Employers Mutual Liability Ins. Co. of Wisconsin.

Before PHILLIPS, Chief Judge, and BRATTON and HUXMAN, Circuit Judges.

PHILLIPS, Chief Judge.

On February 24, 1947, Employers Mutual Liability Insurance Company of Wisconsin[1] issued its policy of automobile insurance to Harvey by which it agreed to pay on behalf of Harvey all sums which he should become obligated to pay by reason of liability imposed upon him by law for damages because of bodily injury sustained by any person caused by accident and arising out of the ownership, maintenance, or use, "for the purposes stated as applicable thereto in the declarations" of the automobile described in the policy and to "defend in his name and behalf any suit against the insured alleging such injury * * * and seeking damages on account thereof, even if such suit is groundless, false or fraudulent. * * * "

Collier brought an action[2] against Harvey in the superior court of Seminole County, Oklahoma, to recover damages for personal injuries. In his complaint, Collier alleged that he suffered personal injuries on or about May 1, 1947, by reason of the negligence of Harvey in the operation of a truck belonging to Harvey, and sought damages in the sum of $32,642.37. The policy was in full force and effect on May 1, 1947, and described such truck.

On July 1, 1948, the Insurance Company brought this action against Harvey and Collier for a declaratory judgment. It alleged the issuance of the policy and attached a copy thereof to its complaint. It alleged the filing of the state court action by Collier against Harvey and that Collier, in his petition, alleged that Collier received personal injuries on or about May 1, 1947, by reason of the negligence of Harvey in the operation of the truck; that Harvey had demanded that the Insurance Company defend the state court action and pay any judgment that might be rendered against Harvey therein; that the truck involved in the accident was owned by Harvey and that prior to the accident, Harvey had loaned the truck to the City of Seminole and that it was being used under the direction of the Street Superintendent of the City in setting electric light poles in the ball park of the City and not in connection with any maintenance or use of Harvey; that the accident was not within the coverage of the policy; that Harvey did not give written notice of the accident to the Insurance Company as soon as practicable as required by the policy and did not give notice of the accident to the Insurance Company until May 26, 1948; and that by reason of non-coverage and the failure to give timely notice, no obligation existed under the policy on the part of the Insurance Company, either to defend the state court action or to pay any judgment rendered therein against Harvey. It sought a declaratory judgment determining the rights,

1. Hereinafter called the Insurance Company.

2. Hereinafter referred to as the state court action.

obligations, and liabilities of the parties to the action and declaring and adjudging that the Insurance Company had no obligation or liability to Harvey or Collier under such policy on account of such accident.

Harvey filed an answer and counterclaim, and a cross-claim against Collier. In his answer, Harvey alleged that the truck involved in the accident was owned by him, but that at the time of the accident, it was loaned to the City without charge and was not under the control of Harvey or any agent or employee of his, but was under the control of the City, acting through its Street Superintendent; that the petition in the state court action alleged that Harvey was responsible for the operation of the truck at the time of the accident and was guilty of negligence, rendering him liable to Collier; that the issue of his liability to Collier gives rise to disputed questions of fact and law, and that if he is liable in the state court action to Collier, the Insurance Company is obligated to pay any judgment rendered against him therein; and that it is the obligation of the Insurance Company under the policy to defend such state court action and that the Insurance Company has neglected and refused so to do. In his counterclaim, Harvey alleged by reference the facts set up in his answer and sought a declaratory judgment adjudging and declaring that the Insurance Company was obligated under the policy to defend the state court action and to pay within the limits of the policy any judgment that may be rendered against Harvey therein. Harvey asserted that the delay in giving notice did not result in any prejudice to the Insurance Company.

In his cross-claim against Collier, Harvey alleged by reference the facts set up in his answer and further alleged that on May 1, 1947, the City owned and operated a baseball park; that he loaned to the City without charge the truck, equipped with gin poles and a mechanical winch to lift and erect necessary electric light poles at the baseball park of the City upon which to affix flood lights, and men to operate such equipment; that the equipment was placed in the control and under the supervision of the City Engineer and Street Superintendent who were supervising and directing the work of electrification of the baseball park; that at the time of the accident, the truck and equipment were operated and controlled by the City and not by Harvey, and Harvey's employees operating the truck were controlled and supervised by the City and not by Harvey. Harvey sought a declaratory judgment against Collier declaring and adjudging that Harvey was not responsible for the negligence of his employees loaned to the City at the time of the accident and that Harvey was not liable to Collier for any injuries received in such accident.

Collier filed an answer to the complaint of the Insurance Company in which he denied: that the truck had been loaned to the City without charge; that at the time of the accident it was being used under the direction of the Street Superintendent of the City and not in connection with any maintenance or use by Harvey; that the accident was not within the coverage of the policy; that there was no obligation on the part of the Insurance Company, either to defend the state court action or to pay any judgment Collier might recover therein; and prayed for a declaratory judgment adjudging the Insurance Company to be liable under the policy to him and to Harvey for the damages sustained by Collier as a result of the accident. Collier filed no pleading to Harvey's cross-claim.

Certain admissions of fact were requested and made; certain interrogatories were propounded and answered; and certain depositions were taken and filed.

The Insurance Company and Harvey interposed a motion for summary judgment. The trial court found there was no genuine issue of fact with respect to Harvey's liability to Collier, sustained the motion, and entered a judgment in which it adjudged that at the time of the accident in which Collier was injured, the truck and the employees operating the same were loaned to the City and were under its control and supervision, and not under the control or supervision of Harvey, and that neither Harvey nor the Insurance Company was liable to Collier for the injuries incurred by him as a result of the accident.

## I. Jurisdiction of the Principal Claim

The Insurance Company is a corporation organized under the laws of Wisconsin and is not a citizen of Oklahoma. Harvey and Collier are citizens of Oklahoma.

There was a genuine dispute between the Insurance Company and Harvey with respect to the obligation of the Insurance Company to defend the state court action and to pay any judgment within the limits of the policy that Collier might recover against Harvey therein.

The mere fact that Harvey asserted a defense in the state court action which, if adjudged to be true, would establish that the claim of Collier for injuries was not within the coverage of the policy would not constitute an admission on the part of Harvey that the Insurance Company was not obligated to defend the state court action or render the controversy, between the Insurance Company and Harvey respecting the former's obligation to defend the state court action, non-substantial.

The policy obligated the Insurance Company to defend in Harvey's name and his behalf any suit brought against him alleging an injury within the coverage of the policy, even if such suit be groundless. The duty of the Insurance Company to defend must be determined, not from the facts asserted by Harvey as a defense to Collier's claim, but from the allegations of Collier's petition in the state court action, seeking to recover damages for personal injuries against Harvey.[3] Such petition alleged facts in support of a claim for damages for personal injuries. If such facts were true, Harvey was liable to Collier on such claim and his liability was within the coverage of the policy.

Accordingly, it is our conclusion that there was an existing substantial controversy between the Insurance Company and Harvey, that Harvey should not be realigned as a party plaintiff for the purpose of determining jurisdiction, and that the court had jurisdiction of the principal claim.[4] American Fidelity Casualty Co. v. Service Oil Co., 4 Cir., 164 F.2d 478, Indemnity Insurance Co. of North America v. Schriefer, 4 Cir., 142 F.2d 851, and State Farm Mutual Automobile Insurance Co. v. Hugee, 4 Cir., 115 F.2d 298, 132 A.L.R. 188, are distinguishable. In each of those cases, the insurance company admitted its obligation to defend the state court action and there was no real controversy between the insurance company and the insured.

## II. Jurisdiction of the Cross-Claim

A proper cross-claim is auxiliary or ancillary to the principal claim to which it is related and the jurisdiction which supports the claim will support the cross-claim.[5]

Prior to the adoption of the Rules of Civil Procedure for the District Courts of the United States, 28 U.S.C.A. there was a divergence in the authorities with respect to the proximate relation which the matters in the cross bill had to bear to the original matter in controversy in order to make the cross bill proper. Some of the cases held that a cross-complaint is only proper where its determination is necessary to the effective exercise of the primary or main jurisdiction or it is essentially ancillary to the original action. Illustrative is Republic National Bank and Trust Company v. Massachusetts Bond & Ins. Co., 5 Cir., 68 F.2d 445. Other cases adopting a more liberal rule held that a cross bill is a bill brought by a defendant in a suit against the plaintiff in the same suit, or against another defendant in the same suit, or against both, touching the matters in question in the orig-

3. Goldberg v. Lumber Mut. Casualty Ins. Co., 297 N.Y. 148, 77 N.E.2d 131, 133; Maryland Casualty Co. v. Moritz, Tex. Civ.App., 138 S.W.2d 1095, 1097; Commercial Casualty Ins. Co. v. Tri-State Transit Co., 190 Miss. 560, 1 So.2d 221, 223, 133 A.L.R. 1510; Lamb v. Belt Casualty Co., 3 Cal.App.2d 624, 40 P.2d 311, 315; Greer-Robbins Co. v. Pacific Surety Co., 37 Cal.App. 540, 174 P. 110, 111.

4. Till v. Hartford Accident & Indemnity Co., 10 Cir., 124 F.2d 405.

5. Mathis v. Ligon, 10 Cir., 39 F.2d 455, 457; Rickey Land & Cattle Co. v. Miller & Lux, 218 U.S. 258, 263, 31 S.Ct. 11, 54 L.Ed. 1032; Moore's Federal Practice Under the New Federal Rules, Vol. 1, § 13.08, p. 724.

inal bill; and that its purpose is either to obtain discovery of facts from the complainant or codefendant in aid of the defense of the original bill or to bring before the court new matter in aid of the defense to the original bill; or to obtain full relief for all parties and a complete determination of all controversies which arise out of the matters charged in the original bill. Illustrative is Mathis v. Ligon, 10 Cir., 39 F.2d 455, and Queenan v. Mays, 10 Cir., 90 F.2d 525, 535, and cases there cited. See discussion of conflicting views in Moore's Federal Practice Under the New Federal Rules, Vol. 1, § 13.08.

The confusion in the cases as to the extent of the cross-claim has been clarified and the scope of the cross-claim broadened by Rule 13(g) of the Rules of Civil Procedure for the District Courts which reads: "(g) Cross-Claim against Co-Party. A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action. Such cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against a cross-claimant."

In Moore's Federal Practice Under the New Federal Rules, Vol. 1, § 13.08, p. 726, the author says: "The confusion in the early cases as to the extent of the cross-claim has been clarified, and the scope of the cross-claim broadened. The subdivision clearly applies to all claims, legal or equitable. The cross-claim need not affect the plaintiff; it is enough if it arise 'out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim there-

in.' As pointed out above, this language parallels language in subdivision (a) and should receive similar construction. The power of the court to order separate trials of claims or issues as provided in subdivision (i) answers the objections made in the early cases that involved cross-claims, and which led the courts to restrict the use of cross-claims."

Here, the transaction or occurrence which was the subject matter of the original action was the accident which resulted in personal injury to Collier.

If, at the time of the accident, the truck loaned to the City was under the control of the City and not Harvey, and if the employees loaned by Harvey to the City were under the sole control and direction of the City, then Harvey was not liable to Collier for the negligence of such employees[6] and Harvey was not using the truck at the time of the accident and the claim of Collier was not within the coverage of the policy.

On the other hand, if, at the time of the accident, the truck was under the control of Harvey and the employees loaned to the City were under the control and direction of Harvey, then Harvey was liable to Collier for the negligence of such employees[7] and Harvey was using the truck at the time of the accident and the claim of Collier was within the coverage of the policy. Hence, an adjudication with respect to the facts at the time of the accident would determine whether Collier's claim was within the coverage of the policy and also determine whether Harvey was liable to Collier for the negligence of the employees. In other words, the issues of fact necessary to determine both legal questions were identical.

Accordingly, we conclude that the cross-claim of Harvey against Collier was one arising out of the transaction or occurrence which was the subject matter of the prin-

6. Sanchez v. United States, 10 Cir., 1949, 177 F.2d 452; Wylie-Stewart Machinery Co. v. Thomas, 192 Okl. 505, 137 P.2d 556, 559–562; Aderhold v. Bishop, 94 Okl. 203, 221 P. 752, 755, 60 A.L.R. 137; Balinovic v. Evening Star Newspaper Co., 72 App.D.C., 176, 113 F.2d 505, 506; Braun v. Averdick, 113 Ohio St. 613, 150 N.E. 41, 42; Devaney v. Lawler Corporation, 101 Mont. 579, 56 P.2d 746, 749; McFarland v. Dixie Machinery & Equipment Co., 348 Mo. 341, 153 S.W. 2d 67, 70, 136 A.L.R. 516.

7. City of Tulsa v. Randall, 174 Okl. 630, 52 P.2d 33.

cipal claim to which it was related and the jurisdiction which supports the claim also supports the cross-claim.

If Harvey is not permitted to maintain his cross-claim against Collier, he will be in the anomalous position of having an adjudication by the Federal court as between the Insurance Company as plaintiff and Harvey and Collier as defendants that at the time of the accident the truck was under the control of the City and the employees loaned to the City were under the sole control and direction of the City and, therefore, Harvey was not using the truck, and the claim of Collier was not within the coverage of the policy, and being subject to the danger of a future adjudication by the state court that at the time of the accident the truck was under the control of Harvey and the employees under the control and direction of Harvey, and that Harvey is liable to Collier for the negligence of such employees. In order to protect the right of Harvey, it was necessary to completely adjudicate the issues referred to above as between all of the parties.[8]

But the judgment should have been limited to an adjudication of those issues. Whether Collier predicated his claim against Harvey solely on the negligence of the two employees of Harvey loaned to the City or on those grounds and also on other grounds, the record does not clearly disclose. If Collier alleged in his petition in the state court, in addition to the negligence of the employees of Harvey loaned to the City, other grounds for recovery against Harvey, the trial court should not have adjudicated that Harvey was not liable to Collier for the injuries received as a result of the accident and the judgment should be modified accordingly. Otherwise, it should be affirmed.

Collier filed an answer to the complaint of the Insurance Company and asked for affirmative relief. He did not request the court, in the exercise of a sound discretion, to refuse to entertain the action for a declaratory judgment. Whether the court, in the exercise of a sound discre-

tion, should have refused to entertain the declaratory judgment action may not be raised for the first time in this court.

The cause is remanded with instructions to the trial court to ascertain whether Collier alleged in his petition in the state court, in addition to the negligence of the employees of Harvey loaned to the city, other grounds for recovery against Harvey. If it finds Collier did so allege, the judgment will be modified in accordance with the views above expressed. If it finds Collier did not allege additional grounds for recovery, the judgment will stand affirmed.

HUXMAN, Circuit Judge, Special Concurring.

I concur in Chief Judge PHILLIPS' conclusions that there was a justiciable controversy between the Insurance Company and Harvey which prevented his alignment with it as a party plaintiff, and that the court, therefore, had jurisdiction to adjudicate the controversy as to liability within the coverage of the policy between it and Collier, as well as between it and Harvey. My conclusion that there was a justiciable controversy between the Company and Harvey is predicated solely on the ground of the allegations of the complaint and Harvey's answer as to the giving or failure to give timely notice of the accident, and that such allegations stated a justiciable controversy as to the Company's liability to defend Collier's action in the state court.

It is clear to me that the trial court, although having jurisdiction, should have declined to exercise it. In Excess Insurance Company of America v. Brillhart, 10 Cir., 121 F.2d 776, we held in line with other courts that a sound exercise of discretion will warrant a federal court in refraining from exercising its jurisdiction under the Declaratory Judgment Act, 28 U.S.C.A. §§ 2201, 2202. In fact, I think it may well be said that the exercise of a sound discretion will require a federal court in certain instances to refrain from exercising its jurisdiction, and that failing to do so in such cases constitutes an

1. Cf. Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 274, 61 S.Ct. 510, 85 510, 85 L.Ed. 826.

abuse of discretion. This subject with regard to declaratory judgment actions by insurance companies is fully explored by the Fourth Circuit in Maryland Casualty Company v. Boyle Construction Company, 123 F.2d 558, and what is said there has my full concurrence.

Here, there was an action pending in the state court between two parties, Collier and Harvey, with whom the insurance company had a controversy concerning its liability under the policy. It could have entered that court and had a complete, speedy and final adjudication of every question it raised in this action. Due regard under the principle of comity of the rights of a coordinate, independent judicial system, which has acquired jurisdiction of a controversy to be permitted to adjudicate the same, should compel a third party, asserting an interest in the controversy against the two parties thereto, to enter that jurisdiction and there assert its rights. To permit the practice indulged in by the Insurance Company in this case, will result in a removal from the state courts to the federal courts of all cases properly filed therein by citizens of the same state in which there is a foreign insurance company, through the device of filing a declaratory judgment action in the Federal Court. This was never, in my opinion, the purpose of the Declaratory Judgment Act. If it becomes the accepted standard of procedure, as it no doubt will under this decision, it is quite likely that Congress will, as it should, take steps to limit federal jurisdiction in such cases. It is only where no action is pending in a state court, in which a complete adjudication could be had, that an insurance company should be permitted to select the federal court under the Declaratory Judgment Act as the forum in which to litigate such questions. To permit it to do so where there is an action pending in the state court, in my opinion, constitutes an abuse of discretion. We have the inherent power in the absence of any objection below to note error in the first instance if, in our opinion, it is of sufficient gravity to warrant doing so. While no objection was made in the court below to the exercise of the court's jurisdiction on this ground, I think the error is of sufficient gravity that we might well note it in the first instance, but since neither of my associates will join me in this, and in the interest of obtaining a decision of the case, I join in Chief Judge Phillip's conclusion that the court had jurisdiction under the Declaratory Judgment Act to adjudicate the question of coverage not only between it and Harvey, but also between it and Collier, and content myself with setting forth my own views.

BRATTON, Circuit Judge, dissenting.

The Declaratory Judgment Act, 28 U.S.C. § 2201, does not enlarge the jurisdiction of the district courts of the United States. It does not undertake to change the character of controversies which may be litigated in the federal courts. It does not attempt to change the essential requisites for the exercise of judicial power. It merely provides another remedy which may be invoked in cases coming within the jurisdiction of the courts of the United States. United States v. West Virginia, 295 U.S. 463, 55 S.Ct. 789, 79 L.Ed. 1546; McCarty v. Hollis, 10 Cir., 120 F.2d 540; Commercial Casualty Ins. Co. v. Fowles, 10 Cir., 154 F.2d 884, 165 A.L.R. 1068.

When a court acquires jurisdiction of a cause based upon diversity of citizenship with the requisite amount involved, a dependent jurisdiction arises to settle controversies between citizens of the same state if it is reasonably necessary to the full exertion of the main jurisdiction. But such dependent jurisdiction is not to be extended beyond that point. Republic National Bank & Trust Co. v. Massachusetts Bonding & Insurance Co., 5 Cir., 68 F.2d 445. Dependent jurisdiction is appropriately invoked and exercised where the court has jurisdiction of the cause based upon diversity of citizenship between plaintiff and all defendants and the defendants who are citizens of the same state assert conflicting claims to property involved in the action or in the custody and control of the court. In such a case, the court has jurisdiction to adjudicate the conflicting rights or claims, even though the parties are citizens of the same state. But de-

pendent jurisdiction must be purely ancillary to the primary jurisdiction. Hoffman v. McClelland, 264 U.S. 552, 44 S.Ct. 407, 68 L.Ed. 845.

The court acquired jurisdiction of this cause based upon diversity of citizenship between the insurance company on one hand and Harvey and Collier on the other, with the requisite amount involved. The court had jurisdiction to determine and adjudicate the question whether the insurance company was obligated to defend in the name of Harvey the suit pending in the state court and to pay on his behalf within the limits of the policy any judgment which might be rendered in favor of Collier. The adjudication of that question involved a construction of the policy in respect to coverage and whether notice had been given within the time required by its terms. But with the adjudication of the question whether the insurance company was obligated to defend the action and pay within the limits of the policy any judgment rendered in favor of Collier, the primary or main jurisdiction of the court was effectively and completely exerted.

There was no diversity of citizenship between Harvey and Collier. They were both citizens of Oklahoma. And the counterclaim did not relate to conflicting claims to property involved in the action or in the custody and control of the court. Neither did it concern itself with any comparable controversy. The essence of the counterclaim was that under the substantive law of Oklahoma Harvey was not liable to Collier in damages for personal injuries. And after adjudicating the question whether the insurance company was liable under its policy to defend the suit in the state court and to pay within the limits of the policy any judgment which might be rendered in such suit, it was not necessary or essential that the court go further and determine whether Harvey was liable under the law of Oklahoma to Collier for damages. In other words, it was not necessary or essential to the effective and full exertion of the main jurisdiction in determining whether the accident was within the coverage of the policy and whether notice of the accident had been given as required by the policy for the court to go further and determine whether under the substantive law of Oklahoma Harvey was liable to Collier in tort. And not being necessary or essentially ancillary to the full and complete exertion of the main jurisdiction of the court, there was no dependent jurisdiction to entertain and enter judgment on the cross-claim. Magnolia Petroleum Co. v. Suits, 10 Cir., 40 F.2d 161.

The case of Till v. Hartford Accident & Indemnity Co., 10 Cir., 124 F.2d 405, does not sustain the contention that the court had jurisdiction to entertain and determine the cross-claim in this case. There jurisdiction of the court was invoked in the first instance based upon diversity of citizenship between the plaintiff and all defendants. The defendants were all citizens of Oklahoma. The insured answered and counterclaimed against the plaintiff, and also sought a judgment of non-liability against certain other defendants. The court entered judgment in favor of the company determining that it was not liable under its policy to defend in the name of the insured suits in the state court or to pay judgment rendered in such suits, and also judgment in favor of the insured determining that she was not liable to her codefendants. And the judgment was affirmed. We held that the insured should not be arraigned as a party plaintiff; that in the absence of such arraignment there was the requisite diversity of citizenship; and that therefore the court had jurisdiction. But everything said in the opinion concerning jurisdiction was directed to the alignment of the insured with the insurance company and diversity of citizenship or the lack of it resulting from such realignment. The opinion was completely silent in respect of the jurisdiction of the court to entertain and enter judgment upon the cross-claim of the insured against other defendants, all citizens of the same state. That question was not decided.

In a case of this kind it is conceivable that if the insured be denied the right on jurisdictional grounds to maintain a cross-claim against the party asserting damages, and judgment be rendered in favor of the insurer determining that it is not obligated

to defend the suit in the state court or to pay within the limits of the policy any judgment rendered in such suit, the insured would be subject to the danger of the state court later determining that he is liable in damages and in such event he would find himself without protection under the policy. But if the insured feels any concern in that respect, his remedy is to make appropriate application to the United States Court in the exercise of its sound judicial discretion to dismiss the action for a declaratory judgment. Maryland Casualty Co. v. Boyle Construction Co., 4 Cir., 123 F.2d 558. Instead of pursuing that course, Harvey exerted with success every effort to obtain a summary judgment determining and adjudicating that he was not liable to Collier for damages.

I would reverse the judgment insofar as it determined the cross-claim.