FIREMAN'S FUND INSURANCE COMPANY, Plaintiff,

v.

Melvin E. TROBAUGH, father and next friend of Deborah Lou Trobaugh, a minor, Jake Feinberg, Judy Feinberg, John W. Sprowl, Erma Sprowl, Homer T. McCable, Tressia L. McCable, Tastee-Freez of Western Oklahoma, Inc., a corporation, Drive-In Development Corp., a corporation, United Investment Corporation, a corporation, Harlee Company, a corporation a/k/a Harlee Manufacturing Company, Defendants.

Civ. No. 70–411.

United States District Court,
W. D. Oklahoma,
Civil Division.

Feb. 26, 1971.

Clyde J. Watts, Watts, Looney, Nichols & Johnson, Oklahoma City, Okl., for plaintiff.

B. J. Cooper, Leamon Freeman, Oklahoma City, Okl., for Melvin E. Trobaugh.

James P. Kelley, Oklahoma City, Okl., for Jake Feinberg and Judy Feinberg.

William P. Porter, Oklahoma City, Okl., for John W. Sprowl and Erma Sprowl.

Harley Venters, Oklahoma City, Okl., for Homer T. McCable and Tressia L. McCable.

Wayne Campbell, Oklahoma City, Okl., for Tastee-Freez of Western Oklahoma, Inc., Drive-In Development Corp., Unit-

ₑd Investment Corp., and Harlee Co. a/k/a Harlee Manufacturing Co.

## ORDER

DAUGHERTY, District Judge.

The Court has under consideration the Motion of Plaintiff to Dismiss the Cross-Claim of the Defendant Trobaugh against certain of her Co-defendants.

Trobaugh suffered burns when gasoline being used to clean the floor of a Tastee-Freez drive-in ignited. She was apparently working at the drive-in under the direction of the Defendant Jake Feinberg at the time of the accident. She sued all of her Co-defendants except the Feinbergs in State Court for damages for her burns. Defendants made demand upon Plaintiff to defend and indemnify them regarding the state action whereupon Plaintiff brought this action for Declaratory Judgment. Plaintiff claims herein that it issued an insurance policy to John W. Sprowl d/b/a Tastee-Freez but that it did not cover the Trobaugh accident because of an exclusionary provision. This provision provides that the insurance does not apply to bodily injury to any employee of the insured arising out of and in the course of his employment by the insured. Plaintiff alleges that Trobaugh was an employee of her Co-defendants, which includes Sprowl, at the time of her accident. Plaintiff also seeks relief that certain endorsements to its policy, made after the Trobaugh accident but dated back before the accident, are not binding upon Plaintiff.

By way of counterclaim, the Defendants seek reformation of the insurance policy and by way of defense plead coverage, waiver and estoppel.

With her answer herein Defendant Trobaugh has added a Cross-Claim against all her Co-defendants except the Feinbergs. Trobaugh dismissed her State Court action above mentioned on the same day she filed her Cross-Claim in this Court. In said Cross-Claim Tro-

baugh seeks to litigate her accident on the alleged negligence of the Defendants named in her Cross-Claim and recover money damages for her injuries. The liability of said Defendants is based on Feinberg being their agent (respondeat superior) when he committed the alleged wrongful act causing Trobaugh her injuries. The pleading of a Cross-Claim against a co-party is governed by Rule 13(g) F.R.Civ.P., 28 U.S.C.A., which reads as follows:

"(g) Cross-Claim Against Co-Party. A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action. Such cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant."

■ Our Circuit has considered the problem raised by the Motion under consideration in Collier v. Harvey, 179 F.2d 664, (10 Cir. 1949) and the case teaches that if the issues of fact necessary to determine the legal questions in both the original Complaint and the Cross-Claim are identical, the Cross-Claim is permissible but otherwise not. In *Collier* the injured party did not inject his negligence action into the Federal declaratory judgment action as is the case here. Rather, the defendant insured sought a declaratory judgment by way of a Cross-Claim against the other defendant injured party on issues which were identical with those presented by the original Complaint. Thus, the Court concluded that the Cross-Claim had to be one arising out of a transaction or occurrence which was the subject matter of the principal claim to which it was related and was therefore permissible.

██ It is felt that *Collier* is distinguishable and cannot be applied in this case. Rather, it is believed that the case at bar falls within the decisions of Hoosier Cas. Co. of Indianapolis, Ind. v. Fox, 102 F.Supp. 214 (Iowa 1952), Globe Indemnity Company v. Teixeira, 230 F.Supp. 444 (Hawaii 1963),[1] and American Fidelity Fire Insurance Company v. Hood, 37 F.R.D. 17 (S.C.1965). These cases generally hold that liability under an insurance policy and liability for negligence are two separate transactions and a Cross-Claim under Rule 13(g), *supra*, is not permissible. The Complaint herein involves primarily an insurance coverage question with additional issues of reformation of the policy regarding the named insured(s), retroactivity of endorsements to the policy, waiver and estoppel. On the other hand, the Cross-Claim herein involves primarily alleged acts of negligence in placing gasoline on the floor with an open flame nearby and Plaintiff's personal injuries and damages resulting from the gasoline igniting. It probably will also involve alleged contributory negligence and perhaps other defenses. While claims and denials of Feinberg's agency may be present in the Complaint and in the Cross-Claim,[2] essentially Plaintiff's Complaint presents an ordinary non-coverage claim based on an exclusionary provision in the policy whereas Trobaugh's Cross-Claim presents a negligence claim, independent of insurance coverage and it cannot be said that the issues of fact necessary to determine the legal questions present in both the Complaint and the Cross-Claim are identical. The original Complaint is not concerned with whether or not negligence was committed which resulted in injuries to Trobaugh or the amount of her damages or any defenses raised to her claim. The Cross-Claim is not and indeed under Oklahoma law cannot be concerned with whether there is insurance protection for the Defendants sued in the Cross-Claim or with the incidental issues of reformation, retroactivity, waiver and estoppel as they relate to the insurance policy. The situation is thus quite different from that in *Collier* where two declaratory judgments were sought, one by the insurance company and one by the defendant insured, both being concerned with identical issues of whether the truck and men involved were under the control and supervision of the insured or the City. And it is quite possible that even the Feinberg agency question may not be identical under the Complaint and the Cross-Claim. In Wight v. United Pacific Insurance Company, 154 F.Supp. 548 at page 552 (Utah 1957) it is stated:

"A decision on employment status for the purpose of policy interpretation would not necessarily be controlling with respect to the question of liability under the doctrine of respondeat superior, since terms may be used in different context and thereby may be afforded different meaning. Fidelity

---

1. This case says:
"The subject matter of the original action in this case is the liability or non-liabililty of plaintiff on the insurance policy. The cross-claims are for damages resulting from the accident alleged. Thus, the claims in the cross-claims did not arise out of the transaction or occurrence that is the subject matter of the original action and do not relate to any property that is the subject matter of the original action.",
and quotes Borchard, Declaratory Judgments, 2d Edition, at page 652 saying:

"The liability under the policy and the liability for negligence are indeed two separate transactions."
This case also distinguishes Collier v. Harvey, *supra*, at page 449.

2. According to Hoosier Cas. Co. of Indianapolis, Ind. v. Fox, *supra*, a general relevancy between the Complaint and the Cross-Claim is not enough to satisfy Rule 13(g), *supra*. There must be present the same transaction or occurrence as set forth in the Rule or identical issues as mentioned in *Collier*.

and Casualty Company of New York v. Reece, 10 Cir., 1955, 223 F.2d 114; Tri-State Casualty Ins. Co. v. Loper, 10 Cir., 1953, 204 F.2d 557. Different rules of construction and related burden of proof may apply. B. & H. Passmore Metal & Roofing Co., Inc., v. New Amsterdam Casualty Co., 10 Cir., 1945, 147 F.2d 536. And there may be a difference in the rules governing admissibility of proof in the respective cases which would justify and require different results in each. See Columbia Casualty Co. v. Thomas, 5 Cir., 1939, 101 F.2d 151."

■ For the foregoing reasons the Court declines to allow the Cross-Claim. To this determination may be added the observation that if the Cross-Claim is allowed this Court would then have two separate lawsuits to try, one involving insurance coverage and its related questions thereto as above stated and the other involving alleged negligence, defenses thereto and damages, the former with diversity jurisdiction and the latter without the same. It is not believed that Rule 13(g), *supra*, was intended or should be construed to take from the State Courts the matter of trying non-diverse negligence actions and bring them into Federal Courts for disposition upon the filing of a proper diversity-based declaratory judgment action on insurance coverage. It has worked well as a practical matter for the Federal Courts not to interfere with State Court negligence actions and decide only insurance coverage questions. The injured party may, of course, be entitled to prevail on his claimed negligence whether there is insurance coverage or not. If the two are joined in one case, then it would be necessary that separate trials be conducted to eliminate from the negligence action any disclosure of insurance coverage to the jury. Thus, there is no avoidance of multiplicity of actions and the coverage case does not decide the merits of the negligence case.

The Plaintiff's Motion to Dismiss the Cross-Claim of the Defendant Trobaugh against certain of her Co-defendants is granted and the action contained in said Cross-Claim is dismissed.