COMMERICAL CASUALTY INS. CO. *v.* TRI-STATE TRANSIT CO. OF LOUISIANA, INC.

(In Banc.   March 24, 1941.)

[1 So. (2d) 221.   No. 34483.]

Jackson, Young & Friend, of Jackson, for appellant.

562

Morse, Bacon & Shands, of Jackson, for appellee.

Argued orally by **Joe N. Friend**, for appellant, and by **W. A. Bacon**, for appellee.

**McGehee, J.**, delivered the opinion of the court.

As a common carrier of passengers for hire, on December 28, 1938, the appellee, Tri-State Transit Company of Louisiana, Inc., operated an automobile bus from the City of Jackson to and from the station of Whitfield, a distance of approximately ten miles, and as such carrier it was protected by an automobile liability policy of insurance issued by the appellant, Commercial Casualty Insurance Company, whereby the said insurer agreed (1) to indemnify the insured "against loss from the liability imposed by law upon the insured arising from claims against the insured for damages caused by accidents growing out of the ownership, maintenance or use of any of the automobiles ennumerated and described . . . if such claims are made on account of bodily injury or death suffered by any person or persons . . . as the result of an accident occurring while this policy is in full force and effect . . .;" and (2) to "Defend in the name and on behalf of the insured any claim or suit, whether groundless or not, of which notices are given to the Company as hereinafter required on account of bodily injury or death . . . provided such claim results from an accident or alleged accident covered by this policy . . ."

The judgment herein appealed from is for the sum of $1,069.96 recovered by the appellee transit company against the insurer, and represents an amount paid out by the insured in compromise and settlement of a suit for damages filed against it by one Andrew Laws on account of the death of his wife Pinkie Laws, alleged to have been cause by an accident growing out of the ownership, maintenance or use of an automobile bus operated by the said transit company on the date aforesaid, and for expenses and attorneys' fees expended by the insured in connection with the defense thereof, the said amount being deemed by the insured in good faith to be a reasonable and advantageous settlement of the claim, including

the expenses incurred in preparing to defend the suit, after due notice and demand upon the insurance company in that behalf and its refusal to acknowledge any responsibility in connection therewith.

It was alleged in the declaration thus filed by Andrew Laws against the appellee transit company that on the said 28th day of December, 1938, at about 6 o'clock A. M., his wife became a passenger for hire from Jackson to Whitfield, Mississippi, and that when the automobile bus on which she was riding had reached a point approximately one mile of her destination, the same "broke down and came to a stop . . ., due to the negligence of the defendant, its agents and servants;" that when the said bus stopped and could not proceed upon its journey due to mechanical or other defects, which were known to or could have been known to the defendant if the proper inspection of the bus had been made, the driver thereof announced to the plaintiff's wife and to the other passengers thereon that they "would be compelled to walk to their destination because the automobile bus had broken, become disabled and would and could go no further;" that the bus driver made no effort to provide other means of transportation for her and the other passengers to reach their destination; and that the plaintiff's wife, over her protest, "was compelled to walk for approximately one mile on that inclement, bitterly cold and damp morning . . . over the frozen ground and a plowed field in order to complete the journey, whereby she was exposed to the said inclement and bad weather, and then and there contracted a cold and pneumonia, from which she died on January 6, 1939."

The sole question for decision on this appeal is whether or not this declaration stated a case as the insurance company was obligated to defend under the contract of insurance sued on herein. That is to say, whether the facts alleged are sufficient to show, if true, that the death of Pinkie Laws resulted "from an accident or alleged accident covered by the policy,"—an accident "growing

out of the ownership, maintenance or use of any of the automobiles ennumerated and described" in the policy. It is immaterial that the proof made upon the trial of the present suit may have disclosed that Pinkie Laws left the bus without being required to do so either by the bus driver or the existing circumstances, since the proof in that behalf should have been presented in the defense of the suit brought by Andrew Laws against the insured. The duty of the insurer to defend that suit is to be measured by the allegations of the declaration in that case, because the policy required the insurer to defend "any claim or suit, whether groundless or not  .  .  .   on account of bodily injury or death  .  .  .   provided such claim results from an accident or alleged accident covered by the policy," which may have grown out of the ownership, maintenance or use of any of the automobiles covered therein.  The term "alleged accident," as used in the policy, would not require the insurer to defend a suit brought against the insured by an injured person, or the heir-at-law of such person, upon the mere statement, as a conclusion of the pleader, contained in the declaration in such a suit to the effect that the injury or death resulted from an accident growing out of the ownership, maintenance or use of the automobile covered by the policy, but such duty of the insurer to defend is dependent upon whether the facts alleged as such are sufficient to show that the injury or death did in fact result from such an accident or alleged accident.  It is by this test that we shall determine the question here involved.

Departing from the rule announced in the cases of Briggs Hotel Company v. Zurich General Accident & Liability Insurance Company, 213 Ill. App. 334, and Commonwealth Casualty Company v. Headers, 118 Ohio St. 429, 161 N. E. 278, this court held in the case of Georgia Casualty Company v. Alden Mills, 156 Miss. 853, 127 So. 555, 557, 73 A. L. R. 408, citing the case of Fidelity & Casualty Company v. Johnson, 72 Miss. 333, 17 So. 2, 30 L. R. A. 206, that: "Whether an injury is accidental, is to be

determined from the standpoint of the person injured. If the injury comes to him through external force, not of his choice or provocation, then as to him the injury is accidental.'' In the Mills case, supra, it was held that one assaulted by insured's employees sustained an ''accidental injury'' within the meaning of a policy indemnifying the employer against loss from claims for injuries accidentally suffered by third persons.

Therefore, if it were true, as alleged by Andrew Laws in his declaration, that the bus driver made no effort when the bus broke down to provide other means of transportation for Pinkie Laws to her destination, and if it be further true that by reason of such fact she was compelled to expose herself to the cold and damp weather in order to get to her work as an employee of the State Insane Hospital at Whitfield, and that she contracted pneumonia and died as a result of this alleged intentional and wilful violation of her rights in the premises by the bus driver, as agent of the said insured carrier of passengers; then under the rule announced in the Mills case, can it be said that the action of this passenger in leaving the bus and walking to her destination, and the exposure to which she subjected herself, was through the concurrence of her own will or the result of her free and voluntary act?  She was caused to walk from the scene of the accident as a direct and proximate result of the bus becoming incapacitated to proceed to its destination, due to the accident and the failure of the insured carrier to provide other transportation.  Contracting the cold and resultant pneumonia from the necessary exposure to the weather was unforeseen, happened by chance, not according to the usual course of things, and was as to her accidental within the meaning of the principle announced in the Mills case, supra.

The appellant concedes that the question of whether the illness and death of the passenger in this case was caused by ''accident'' is to be determined from the standpoint of the passenger, and the case of Robinson et al. v.

United States F. & G. Company, 159 Miss. 14, 131 So. 541, is cited in its brief to show that this court has held the announcement of the law in the Mills case, supra, in that regard to be in accord with reason and· authority, but it is then argued that .in the case at bar the death of the passenger was caused by her own voluntary and intentional act in getting off the bus, and voluntarily exposing herself to the cold and inclement weather. This contention, however, is at variance with the allegations of the declaration in the suit which the insurer was requested by the insured to defend, as hereinbefore shown.

It may be conceded that the question here presented for decision is not without difficulty, but it was held in the recent case of Merchants Company et al. v. Hartford Accident & .Indemnity Company et al., 187 Miss. 301, 188 So. 571, 572, 192 So. 566, that an insurance policy, obligating an insurer to pay all sums payable by the insured as damages for accidental bodily injury to any person, arising out of the insured's ownership, maintenance or use of an automobile, does not require that the injury be the proximate result of a negligent act happening in the actual use or operation of an insured truck.

In that case, the insured truck went into a ditch on the side of a public highway, and it was necessary for the operator of the truck to use several large poles in extricating it from the ditch. When this had been done, the truck was driven away and the poles were left in the road. During the night following, the operator of a passenger automobile struck one or more of the poles and was severely injured, and recovered a judgment for damages on account thereof against the insured. Thereafter, the insured owner of the truck which had gone into the ditch sued the insurer for reimbursement. The policy sued on did not expressly require that the injury for which the insurer could be held liable should be the proximate result of the use of the automobile truck. The court held that if the policy had contained such a provision, it might be that liability against the insurer would

be denied "on the ground that the proximate cause of the injury was the technically separable fact of the failure to remove the poles from the road," but, in the absence of such provision, the court followed the rule announced in the case of Panhandle Steel Products Company v. Fidelity Union Cas. Company, Tex. Civ. App., 23 S. W. (2d) 799, and other cases to the same effect, and held the insurer liable for the judgment against the insured on the ground that the insurance contract did not require as a condition of liability that the injury must be the proximate result, in the strict legal sense of that term, of a negligent act which happened in the actual use or operation of the truck. In the case at bar, the policy sued on is likewise silent as to whether an injury for which the insurer can be held liable must be the proximate result of the accident complained of. Here, as in the Merchants Company case, supra, the situation which rendered it necessary for Pinkie Laws to expose herself to the cold and inclement weather while necessarily walking to her destination as alleged, arose out of, or had its source in, the accident which resulted from the use or operation of the automobile bus, and the chain of circumstances while followed the stoping of the bus bore a direct or substantial relation to the accident which resulted from the use of the same, since the failure of the carrier to transport the passenger to her destination was directly and proximately connected with the incapacity of the bus to proceed further on its journey because of the accident. In the Merchants Company case, supra, the court observed that the next event which happened after the truck went into and was extricated from the ditch was the fact that the operator drove it away, leaving the poles in the road. In the case at bar, the next occurrence which happened after the bus broke down was the alleged failure of the bus driver to provide other means of transportation and his announcement that the passengers would be compelled to walk from there to their destination, since the bus could go no further because of the accident. Hence, it cannot be

said that the exposure, illness and death of the passenger, Pinkie Laws, has no direct or substantial relation to the situation which arose out of the accident which resulted from the use of the automobile bus in question, unless we interpose, as a supposed independent act, the alleged attitude and announcement of the bus driver, as the proximate cause of the illness and death complained of. The court held in the Merchants Company cases, supra, that the negligent omission of the truck operator to remove the poles from the road in that case would not be interpolated as an independent proximate cause of the injury there complained of.

From the foregoing views, it follows that we are of the opinion that it was the duty of the insurer to have defended the suit filed by Andrew Laws against the insured, and that its failure to do so rendered it liable for such sum as may have been expended in good faith by the insured in making what it conceived to be a reasonable and advantageous compromise and settlement of the claim, and the reasonable expenses incurred in the investigation of the facts in connection with the suit and in the preparation of the defense thereof. There is no serious conflict in the evidence as to the reasonableness of the demand sued for, or in the decisions as to the extent of the insured's liability, provided the policy sued on herein imposed an obligation upon the insurer to defend the suit referred to. The judgment of the lower court will therefore be affirmed.

Affirmed.

**Alexander, J.**, took no part in the decision of this case.