76 So.2d 116 (1954)
Fancy A. KELLY, Sr. et al., Plaintiffs-Appellees,
v.
UNITED STATES FIDELITY & GUARANTY COMPANY, Defendant-Appellant.
No. 8211.
Court of Appeal of Louisiana, Second Circuit.
October 29, 1954.
Rehearing Denied December 10, 1954.
*117 Morgan, Baker & Skeels, Shreveport, for appellant.
Myers, Gatti & Egan, Shreveport, for appellees.
HARDY, Judge.
This is a suit by plaintiffs for the recovery of the sum of $1,080 from defendant, which amount is alleged to represent attorney's fees and costs expended by plaintiffs in defending certain suits with respect to which the defendant insurer refused to assume the responsibility for the defense, and the further sum of $500 as attorney's fees for prosecuting this suit. After trial there was judgment in favor of plaintiffs in a total sum of $1,525, from which defendant has appealed.
The facts involved are largely undisputed, but a somewhat detailed relation thereof is necessary in order to effect an understanding of the controversy.
Plaintiff, Frank A. Kelly, Jr., was the owner of a Chevrolet pick-up truck which was covered by a policy of liability insurance issued by defendant, which coverage included liability incurred in the course of the use of the insured vehicle by any person, so long as said use was with the consent and permission of the named insured.
On October 25, 1950, the insured vehicle while being used by plaintiff, Fancy A. Kelly, Sr., with the knowledge, consent and permission of Frank A. Kelly, Jr., for the purpose of transporting a number of farm workers, was involved in an accident which resulted in injuries to some of the said transportees.
On March 28, 1951, three of the injured employees filed suits against Fancy A. Kelly, Sr. seeking recovery of damages for injuries sustained in the automobile accident. The insurer was notified of the filing and pendency of the suits, in accordance with the requirement of the policy of insurance, and was formally called upon to defend the suits under the provisions of the policy agreement. In response to this demand defendant insurer refused to undertake the obligation of defending the suits, asserting in support of this position one of the named exclusions from liability embodied in the policy. As a direct result of this refusal to defend, these plaintiffs employed counsel who filed answer to the suits and also filed calls in warranty against this defendant. Exceptions of no cause and no right of action to the calls in warranty were filed on behalf of defendant, and trial was had thereon, subsequent to which judgment was rendered overruling the exceptions and maintaining the calls in warranty. Thereafter the suits were compromised and settled by defendant in consideration of the payment of agreed sums, and the suits dismissed by the respective plaintiffs.
Following these proceedings plaintiffs called upon defendant for payment of attorneys' fees and costs incurred by them and necessitated by defendant's refusal to defend the suits, which demand was refused. Plaintiffs thereupon instituted this suit, not only for the attorneys' fees and costs originally concerned, which claim amounted to $1,080, but also for the additional amount of $500 alleged to be due for reasonable attorney's fees in prosecuting this claim for recovery.
Before this court defendant urges its freedom from responsibility for the defense of the suits on the ground that the plaintiffs in the said suits alleged that they were employees of F. A. Kelly, Sr. and were accidentally injured while being transported to work. The exclusion set forth in the policy of insurance, which was regarded by defendant as being pertinent to the above contention, declared that the policy did not apply under designated coverages therein provided
"* * * to bodily injury to or sickness, disease or death of any employee of the insured while engaged in the employment other than domestic of the insured or in domestic employment if benefits therefor are either payable or required to be provided under any workmen's compensation law; * * *"

*118 "* * * to any obligation for which the insured or any company as his insurer may be held liable under any workmen's compensation law; * * *"
"* * * to bodily injury to or sickness, disease or death of any person if benefits therefor are payable under workmen's compensation law."
It is at once apparent that defendant's position was completely sound if the allegations of the several plaintiffs in the suits, to the effect that said plaintiffs were employees of defendant, Kelly, Sr., were true. This was the issue and the only issue involved in the consideration by the district court of defendant's exception to the call in warranty. After trial the court determined the issue of fact adversely to the contention of defendant and found that plaintiffs were not employees of Kelly, Sr. However, defendant here contends, citing numerous authorities from other jurisdictions, after conceding that the question has not been presented to and determined by the appellate courts of this state, that it was not obliged under the terms of the policy to defend suits which alleged facts which, if proved, would fix liability upon the insured but which liability was clearly excluded by the contract of insurance. We think the proposition relied upon has been correctly and ably stated by counsel for defendant in brief as follows:
"Where the petition or complaint alleges facts which, if proved, would establish liability upon the insured, but with respect to which liability the policy clearly provides no insurance, there is no duty on the insurer to defend the action."
The above proposition is strenuously opposed by counsel for plaintiffs, who contend that the provision of the policy obligating the insurer to "* * * defend any suit against the Insured * * * even if such suit is groundless, false or fraudulent; * * *", is controlling.
In order to squarely present the proposition of law which is here at issue, we think it desirable to quote in full the policy provisions which are appropriate to consideration.
Under the "Insuring Agreements" of the policy we find the following pertinent provisions:
"Coverage ABodily Injury Liability
"To pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile.
"II Defense, Settlement, Supplementary Payments
"As respects the insurance afforded by the other terms of this policy under Coverages A and B the Company shall:
"(a) defend any suit against the Insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the Company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient;"
Under the heading "Exclusions" the following provision is set out;
"This policy does not apply:
"(a) * * * * *
"(b) * * * * *
"(c) * * * * *
"(d) under Coverages A and C, to bodily injury to or sickness, disease or death of any employee of the Insured while engaged in the employment, other than domestic, of the Insured or in domestic employment if benefits therefor are either payable or required to be provided under any workmen's compensation law."
*119 It is at once apparent that liability for injury to an employee of the insured is specifically excluded from coverage under the policy.
We think it inescapably follows that the liability to defend a suit against the insured does not attach and is not an obligation against the insurer if such suit makes a demand which is excluded from coverage under the policy.
Reference to the petitions of the three suits filed against Kelly, Sr., discloses the fact that the allegations in each of said suits alleged the respective plaintiffs to have been "* * * employed by defendant, Fancy A. Kelly, Sr. * * * as a cotton picker at an average weekly wage of $20.00 per week."
The petitions further alleged:
"That in connection with and as a part of said employment your petitioner, along with other cotton pickers, were furnished transportation by the defendant from Frierson, Louisiana to defendant's farm near Caspiana."
Certainly it is evident that the facts alleged as above set forth, if true, clearly established the suits as being actions for the recovery of damages received by employees of the insured which was a contingency specifically excluded from coverage by the policy.
We are then confronted with the necessity of determining whether defendant was justified in relying upon the allegations of the petitions as ground for its refusal to defend the suits.
We do not find that this question has been determined by any of the appellate courts of the State of Louisiana, but it has been carefully considered, and we think correctly resolved, by appellate tribunals of other jurisdictions. In Commercial Casualty Insurance Co. v. Tri-State Transit Company of Louisiana, Inc., 190 Miss. 560, 1 So.2d 221, the Supreme Court of Mississippi clearly stated the rule that the duty of a liability insurer to defend a suit against its insured, whether groundless or not, is to be measured by the allegations of the declaration in said suit rather than by its outcome. This case, reported in 133 A.L.R. 1510, et seq., is supported by annotations of a number of other cases which support the conclusions set forth, among which we note Maryland Casualty Co. v. Moritz, Tex.Civ.App., 138 S.W.2d 1095; Lamb v. Belt Casualty Co., 3 Cal.App.2d 624, 40 P.2d 311; and others.
We think the rule above stated, in the light of the policy provision quoted, is just and reasonable. In the case before us, since the petitions in the suits against the insured represented the plaintiffs as being employees of the said insured claiming recovery of damages for bodily injuries, in view of the fact that liability on the part of the insurer under such conditions was specifically excluded, we think the refusal by the insurer to defend the suits against the insured was completely justified.
The instant case is somewhat complicated by the circumstance that after trial of the exception it was held that plaintiffs in reality, and as a matter of fact, were not employees of the insured, and, as the result of such holding, liability of the insurer attached. However, this circumstance does not militate against the original justification of the insurer's refusal to defend. Following the pronouncement of the court the insurer did undertake the defense, and procured settlement of the suits without cost to the insured. However, this acceptance and discharge of liability after the establishment of the true facts cannot, in our opinion, be held to subject the insurer to liability for the attorney's fees theretofore incurred by the insured.
We note that in addition to the item of $1,000 as attorney's fees plaintiffs in this action prayed for the recovery of court costs in the sum of $25, which was allowed by the judgment. While we have reached the conclusion that the allowance for attorney's fees should be set aside, we observe no reason for rejecting the claim for court costs.
*120 For the reasons assigned it is ordered, adjudged and decreed that the judgment appealed from be amended by reducing the principal amount thereof to the sum of $25, and, as amended, the judgment is affirmed. Costs of the lower court are assessed against defendant, and costs of this appeal against plaintiffs.