ELLIS, Judge.
These appeals are from judgments of the District Court rejecting plaintiffs’ demands and dismissing their suits with costs, which were tried on a stipulation of facts and submitted on written brief.
The stipulation is as follows:
“It is agreed and stipulated by and between the parties in the above entitled and numbered suits, through their undersigned counsel, as follows:
“1. Suit No. 62,312 is to recover $300 attorney’s fees allegedly paid by plaintiffs to their undersigned attorney for successfully defending suit No. 41,-227, entitled ‘Ollie Black, et al. v. Sam Maggio, et al., doing business as Superior Cleaners’ (hereinafter sometimes referred to as the ‘Nurses suit’), and suit No. 62,313 is to recover a total of $1173.21 (attorney’s fees, $1000; cost of brief (estimated), $100; Baton Rouge Blue Print & Supply, $10.04 *196 for copies of legal documents; and copy of transcript, $63.17), allegedly paid by plaintiffs in the defense of suit No. 48,436, entitled ‘Baton Rouge General Hospital v. Superior Cleaners, et al,’ (hereinafter sometimes referred to as the ‘hospital suit’).
“2. Plaintiffs in the instant suits alleged that New Amsterdam Casualty Company under the workmen’s compensation policy was under obligation to defend the two law suits at its own cost and expense. New Amsterdam Casualty Company denied this allegation and averred that it was under no obligation to defend either of the suits, for .reasons hereinafter stated.
“3. Miss Dot Carlisle, an employee of Superior Cleaners, was seriously injured in this parish on or about February 2, 1951, when her outer garments became ignited and seriously and painfully burned her body. She was immediately taken by ambulance to Baton Rouge General Hospital, where she remained a patient for several months and was attended by physicians, surgeons and professional nurses, none of which was paid for services until after the compromise settlement of May 22, 1953, in the matter of Dorothy (Dot) Marie Carlisle and Superior Cleaners and New Amsterdam Casualty Company, No. 45,590 on the docket of this Honorable Court, hereinafter referred to.
“4. Prior to the consummation of the said compromise settlement, three nurses filed the aforesaid suit for their services (No. 41,227). The suit was tried on its merits, a plea of prescription of one year was filed by the defendants therein and the plea of prescription was maintained and the suit dismissed by the trial court. No appeal was taken. The entire .record of said suit No. 41,227 is made part hereof by reference as though copied herein in extenso.
“5. After the consummation of the aforesaid compromise settlement, Baton Rouge General Hospital filed suit to recover for the hospital services rendered by it, said suit being No. 48,436 on the docket of this Honorable Court. After trial on its merits judgment was rendered by the District court in favor of the Hospital and against the defendants, but this judgment was reversed by the Supreme Court of Louisiana and the Hospital’s claim was rejected and the suit was dismissed at the Hospital’s cost. 231 La. 820, 93 So.2d 20. The entire record of said suit No. 48,436 and the opinion of the Supreme Court are made part hereof by reference as though copied herein in extenso. The undersigned A. J. Spedale represented defendants, Superior Cleaners, Sam Maggio and Ross Maggio, partners, in both the Nurses and the Hospital suits.
“6. New Amsterdam Casualty Company, the workmen’s compensation insurer of Superior Cleaners, was promptly notified of said accident and paid workmen’s compensation to Miss Carlisle during the period of her disability. A copy of said insurance policy is attached hereto and made part hereof.
“7. The nurses alleged that they were entitled to recover their bills totaling $890. plus penalties at the rate of $10.00 per day for each nurse from date of termination of her respective services until paid, together with 25% attorney’s fees, under [LSA-] RS 23 631, and, alternatively, on quantum merit, for the nurses’ services, and by virtue of the signing of the ‘Request for Services’ to engage nurses. These allegations were denied by Mr. Maggio. The Nurses suit was not filed under the Workmen’s Compensation Law.
“8. The Hospital suit was filed against Superior Cleaners and Sam and Ross Maggio, and in the suit it was alleged that the Hospital ‘services *197 were rendered at the written request of Superior Cleaners, through one of its partners, and in reliance upon the undertaking of defendants to be responsible for said services as will appear by reference to the photostatic copy of the “Request for Services from the Baton Rouge General Hospital”, which is annexed hereto and made part hereof.’ The Hospital suit was not filed under the Workmen’s Compensation Law and there is no reference thereto in the said petition. Mr. Maggio denied that he had promised to pay for the hospital services and also denied that he had ever assumed payment of the hospital bill.
“9. By letter dated March 5, 1952, plaintiffs made written demand on New Amsterdam Casualty Company to defend them in the suit filed by the three nurses and later made written demand to defend them in the suit filed by the Hospital. New Amsterdam Casualty Company refused to defend either suit. Its reasons and grounds for such refusal are set forth in the Following letters addressed to Mr. A. J. Spedale by New Amsterdam’s undersigned attorneys, which letters are by reference made part hereof as though copies herein in extenso:
“Letter dated March 12, 1952 (this letter was not signed by Superior Cleaners or either of the Maggios or Mr. Spedale)
“Letter dated March 26, 1954
“10. By letter dated April 29, 1952, Mr. A. J. Spedale, on behalf of his clients, plaintiffs herein, confirmed in writing his clients’ prior oral refusal to sign the letter of April 16, 1952, above referred to.
“11. Plaintiffs herein have incurred and paH the costs and expenses set forth in the two petitions.
“12. Under date of May 22, 1953, New Amsterdam Casualty Company entered into a compromise settlement under the workmen’s compensation law, whereby it agreed to pay and did pay to Miss Carlisle the sum of $1691.25 in a lump sum, in full and final payment, settlement, satisfaction and compromise of all workmen’s compensation and all medical expenses due her and to become due her by said Superior Cleaners and New Amsterdam Casualty Company, or either of them, on account of the alleged accident on or about February 2, 1951, which amount was paid to her in addition to the sum of $1935.-75 heretofore paid to her for Workmen’s Compensation; all as will appear by reference to the joint petition signed by her, her attorneys, Superior Cleaners and New Amsterdam Casualty Company, the judgment of court signed by the Honorable Charles A. Holcombe, Judge, and the receipt and release signed by said Miss Carlisle in the matter of Dorothy (Dot) Marie Carlisle and Superior Cleaners and New Amsterdam Casualty Company, No. 45,590 on the docket of this Honorable Court; which proceedings are attached hereto and made part hereof as though written herein in extenso.
“13. Despite the refusal of Superior Cleaners and Sam and Ross Maggio and their attorneys to agree to the conditions set forth in the letter of March 12, 1952, above referred to, defendant, New Amsterdam Casualty Company, through its undersigned attorneys, fully cooperated with said Superior Cleaners, Ross and Sam Maggio and A. J. Spe-dale in the defense of said suits Nos. 41,227 and 48,436 by giving advice and making suggestions relative to defenses, pleadings and arguments in briefs, etc.”
According to this stipulation neither of these suits were brought or arose under the provisions of the Workmen’s Compensation Law. The suit brought by the nurses, according to the petition, was filed on a promise of Sam Maggio to guarantee pay- *198 merits of bills for their services and on a request for services given to the hospital, a copy of which is made part of the petition. The petition in the suit by the Baton Rouge General Hospital for hospital services rendered by it was filed upon written request for services as is shown by Par. 4 of the petition, viz.:
“Said services were rendered at the written request of Superior Cleaners, through one of its partners, and in .reliance upon the undertaking of defendants to be responsible for said services, as will appear by reference to the photostatic copy of the 'Request for Services’ from the Baton Rouge General Hospital, which is annexed hereto and made a part hereof.”
New Amsterdam Casualty Company, the defendant in both of these cases on appeal, was not joined as a party defendant in either the suit brought by the nurses or the one brought by the hospital.
The defense to both suits is that neither suit was filed under the Workmen’s Compensation Act and the policy of insurance issued by the defendant here covered only such suits. The plaintiffs urge that any liability on the part of Superior Cleaners for medical services rendered the employee came within the provisions of the Workmen’s Compensation Law and the protection of the policy issued by the defendant as the insurer which provides in Paragraph 1, page 2 of the insuring agreement that New Amsterdam Casualty Company agrees:
“One (b) To Indemnify this employer against loss by reason of the liability imposed upon him by law for damages on account of such injuries to such of said employees as are legally employed wherever such injuries may be sustained within the territorial limits of the United States of America or the Dominion of Canada * * * ”,
Paragraph 3 of the same agreement reads:
“Three — To defend, in the name and on behalf of this Employer, any suits or other proceedings which may at any time be instituted against him on account of such injuries, including suits or other proceedings alleging such injuries, and demanding damages or compensation therefor, although such suits, other proceedings, allegations or demands are wholly groundless, false or fraudulent.”
The whole question is whether under the stipulations and in view of the policy provisions New Amsterdam Casualty Co. is liable for attorneys fees incurred by its insured in the defense of the two suits, a brief history of which is now in order.
On February 2, 1951, an employee, Dot Carlisle, of Superior Cleaners, suffered injuries within the scope of and during the course of her employment. Immediately after the accident Sam Maggio, one of the partners of Superior Cleaners, had this employee taken to the Baton Rouge General Hospital, where she remained for treatment for more than six months. After she was taken to the Hospital this partner went there and furnished certain information concerning the employee, which was entered on a form entitled “Request for Services.” Sam Maggio signed this on behalf of Superior Cleaners and a copy of this form is set forth in the opinion of the Supreme Court in Baton Rouge General Hospital v. Superior Cleaners, 231 La. 820, 93 So.2d 20, 21. In that suit, filed February 11, 1954, which was brought by the Hospital against Superior Cleaners and the partners, Ross Maggio and his brother, Sam Maggio, as ordinary partners, the District Court rendered judgment in favor of the plaintiff. The Supreme Court reversed the District Court, and dismissed the suit on the basis that the “Request for Services” and additional evidence did not establish the partner who signed this document had made a promise to pay the hospital charges, and further, that the hospital never presented a bill until the charges had amounted to a *199 large sum. This upper court decided the plaintiff had failed to establish its claim. A rehearing was refused. The nurses’ suit, brought on February 25, 1952, more than one year after the accident, was brought by three nurses for nursing services rendered Miss Carlisle, the employee. That suit was dismissed upon a plea of prescription and the record therein does not disclose an appeal was ever taken. This nurses’ suit alleged that Sam Maggio had authorized and directed the hospital verbally and by virtue of having signed the “Request for Services” to engage the nurses to furnish services to the employee, and that he or his firm had promised to pay them.
On February 20, 1951, some 18 days after the accident, New Amsterdam Casualty Co., the defendant here, directed a letter to the hospital and all of the nurses advising there was limited coverage and that the proceeds thereof would be eventually prorated. It is not urged that the insurer ratified or authorized any excess medical treatment afforded to the injured employee.
We do not believe that either suit is brought under the Workmen’s Compensation Law. Both suits are based upon the causes of action which did not arise as a result of the accident and did not exist as of the date of the accident but independently by virtue of the fact that the insured allegedly made himself liable beyond the obligations placed upon him under the Workmen’s Compensation Law and the limits of his policy by allegedly independently incurring or obligating himself to pay for the hospital and nurses’ services over and beyond the limits fixed under the compensation law upon which the policy was based. Under the provisions of the policy, the insurer, whether made a defendant or not, would have been required to defend the suit. The type of an action is determined by the allegations of the petition and the prayer. See Kelly v. United States Fidelity & Guaranty Co., La.App., 76 So.2d 116. A reference to the two suits in question clearly shows they were brought on a specific request for services given the hospital and on an alleged promise to pay by Sam Maggio, one of the partners.
As aforeshown New Amsterdam Casualty Co. was never joined in either suit and was not obliged to defend. Therefore it is not obligated to reimburse Superior Cleaners for any attorneys fees paid by it.
Opposing counsel cites Bordelon v. Ludeau’s Lumber Yard, La.App., 177 So. 436, 437, and Kansas v. Sun Indemnity Co. of New York, La.App., 37 So.2d 621, in support of its contentions. In the Bordelon case the insurer was called in warranty, and having been made a party to the suit, was liable for attorneys fees as coverage was found and it had refused to defend the suit upon behalf of the employer. The insurer there was certainly a party and as the suit was filed under the Workmen’s Compensation Law, it was legally bound to defend the suit. Here neither suit was filed under this law. In the Kansas case the suit arose under the workmen’s compensation statute. Neither case is apposite here.
The judgment of the District Court is affirmed.