EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY OF WISCONSIN, Plaintiff,

v.

MARYLAND CASUALTY COMPANY, Zurich Insurance Company, Luther McGill, Inc., Joe Harrison, d/b/a D & H Trucking Company, Crow Drilling and Producing Company, and Leo Boland, Defendants.

Civ. A. No. 1386.

United States District Court
S. D. Mississippi,
Hattiesburg Division.

May 26, 1961.

Judgment Affirmed Sept. 18, 1962.
See 307 F.2d 510.

Joe H. Daniel, Jackson, Miss., for plaintiff.

M. M. Roberts, Hattiesburg, Miss., Stanford E. Morse, Sr., Gulfport, Miss., for defendants.

MIZE, Chief Judge.

Employers Mutual Liability Insurance Company, the plaintiff, has filed its suit against Luther McGill, Inc., hereinafter referred to as McGill, and Maryland Casualty Company, its insurer; Joe Harrison, hereinafter referred to as Harrison, and Zurich Insurance Company, his insurer; Crow Drilling Company, insured by plaintiff; and Leo Boland, Crow's tool pusher, who was acting in the scope of his employment for Crow at the time of the occurrence giving rise to this lawsuit.

The plaintiff issued its general comprehensive liability policy to Crow and in so far as it pertains to this particular occurrence, Crow was the only insured covered by the policy. Maryland and Zurich had issued automobile liability policies to their respective insureds. The plaintiff herein alleges and asserts that Maryland's policy in favor of McGill and Zurich's policy in favor of Harrison defined the insured to include any person while using the automobile and any person legally responsible for the use thereof, provided the actual use of the automobile is with the permission of the named insured.

The question grows out of an accident that occurred on or about the 12th of January, 1956 in which a person by the name of Joe E. Byrd was severely injured while working for and on behalf of D & H Trucking Company of Laurel, Mississippi.

On the 11th day of September, 1956 Byrd filed suit in the State Court of Forrest County, Mississippi against Crow Drilling and Producing Company and Leo Boland, its tool pusher. The contents of that declaration are material and all the material parts are as follows:

That on or about the 12th day of January, 1956, the plaintiff, Joe E. Byrd, was employed by the D & H Trucking Company of Laurel, Mississippi.

That on this date, a driver for the D & H Trucking Company and the plaintiff were about their business working on and around the site in the Pistol Ridge Field in Forrest County, Mississippi, where Crow Drilling and Producing Company, through its agents and employees, one of them being the defendant, Leo Boland, whose duties were of a supervisory nature, were causing a drilling rig to be erected. That all work on and around the Crow Drilling and Producing Company's site was under the overall supervision of its agent, employee, toolpusher and foreman, Leo Boland. That the derrick, a portion of the drilling rig, was caused to be suspended by a single cable and gin-pole above the ground and horizontal to the ground with the tremendous, heavy steel crown attached to it, and caused to remain in said position without the use of any safety bracket to prevent falling, said method of construction being grossly negligent, dangerous and careless, and said method of construction being performed at the direction and under the overall supervision of the agents and employees of Crow Drilling and Producing Company, who were then and there about their master's business, and acting within the scope of their employment. That the agents and employees of Crow Drilling and Producing Company negligently refused to use such safety measures then available, such as detaching the tremendous, heavy steel crown from the derrick, or using a safety bracket to support the tremendous steel derrick, and prevent the said derrick from falling as it hung suspended by a single cable and gin-pole in the above described position. That the plaintiff, Joe E. Byrd, by the nature of his work for the D & H Trucking Company, was forced to place himself under the negligently and carelessly suspended derrick as above described. That the plaintiff did carefully, cautiously and prudently attend to the details of his said work. That at this time, and on this occasion, and as the said derrick was negligently, carelessly and dangerously suspended as above described, all structural equipment then and there belonging to and being under the supervision of the Crow Drilling and Producing Company, by and through its agents and employees, and at the time the said plaintiff was carefully, cautiously and prudently about his tasks, and through no fault of his, the gin-pole supporting the cable, which in turn supported the derrick, in its dangerous position, broke and gave away, allowing the tremendous, heavy steel derrick, approximately 100' in length, to fall and crash down upon the plaintiff, with tremendous force and violence. That the plaintiff was seriously, painfully and permanently injured as the result of the gross and wanton negligence of Crow Drilling and Producing Company, and Leo Boland, its agent, employee and foreman.

Zurich was the insurance carrier of D & H Trucking Company under the Workmen's Compensation Law of Mississippi and on September 25, 1956 filed its intervention in the Byrd suit, demanding judgment against Crow Drilling Company and Leo Boland for the amounts paid out by Zurich as the Workmen's Compensation creditor of D & H Trucking Company to Joe E. Byrd, and the intervenor demanded against those defendants the sum of $1,355.42 and any additional sums that might be paid under its policy. On October 11, 1956 by the consent of the parties a final judgment was entered into and agreed to by Joe E. Byrd and his attorneys, Young & Daniels as attorneys for Crow Drilling and Producing Company, M. M. Roberts as attorney for Zurich, and Bruce Aultman as attorney for Leo Boland. Under the terms of this agreement it was agreed and approved by the court that the sum of $10,677.70 was in excess of what Joe E. Byrd would receive under the Workmen's Compensation Act, that the insurer, Zurich, was willing to accept $1,000.00 in settlement of what it had paid out, and that the remainder should be paid to Joe E. Byrd and all claims against all third parties were settled. It was further adjudicated by the court, by consent of the parties, that the Zurich General Accident & Liability Insurance

Company, Ltd. and the D & H Trucking Company be and were finally and forever discharged from any further liability because of the matters set forth in that suit and that the cause be dismissed with prejudice. On October 11, 1956 Joe E. Byrd executed a release to the Zurich Insurance Company and D & H Trucking Company and in the release it was recited that Joe E. Byrd had a claim against Crow Drilling and Producing Company and Leo Boland on the theory that they were negligent in doing the work around the drilling rig which resulted in a cable in use breaking, allowing a heavy part of the derrick to fall on him. On September 25, 1956 Young & Daniels wrote the Maryland Casualty Company advising it that Joe E. Byrd had filed a suit against Crow Drilling and Producing Company and Leo Boland in the Circuit Court of Forrest County, and stated in the letter that Luther McGill was using one of its trucks in the erection of the derrick for Crow Drilling and Producing Company and the truck was holding the drilling rig in suspension above the ground level when suddenly the set-up gave way and Joe Byrd was injured; and advised Maryland that Employees Mutual had issued a policy to Crow Drilling Company, a comprehensive general liability policy, which covered the insured alone, and called upon Maryland under its omnibus clause of the policy to assume defense of the lawsuit, enclosing to Maryland a copy of the declaration that had been filed. On October 2, 1956 Maryland Casualty Company acknowledged receipt of the letter and copy of the declaration and declined to assume responsibility for the defense or payment of judgment. On October 4, 1956 Honorable Bruce Aultman wrote Maryland Casualty Company advising that he was representing Leo Boland and called upon Maryland Casualty Company to assume the defense of the lawsuit and payment of the judgment, if recovered, and in addition thereto advised Maryland that the case could then be settled for $12,000.00, and that in the opinion of the attorney it was a good settlement. On October 9, 1956

Maryland again by letter declined to accept responsibility under its policy.

The D & H Trucking Company's trucks, while on the job, were directed and controlled by Crow and it's employees Boland and Bowers, and with the permission of McGill and Harrison respectively and Crow, thereupon became an additional insured under the omnibus clause of the policies issued by Maryland and Zurich. The D & H Trucking Company's truck, as well as the Company, will hereinafter be referred to as Harrison or the Harrison truck.

No formal demand was ever made by Employers to Zurich to defend the lawsuits or to assume responsibility or liability for any judgment, but under the letter heretofore referred to, it did call upon Maryland to defend the lawsuit and assume responsibility and liability for any judgment recovered. So far as the record shows, none of the insureds ever called upon Maryland or Zurich to investigate the claim growing out of the injury in January of 1956 and the first demand upon Maryland was after suit was filed in September, 1956.

This suit by plaintiff in this court against Maryland and Zurich is for indemnity and claims that Maryland and Zurich, under the omnibus clause, were primarily liable for any judgment recovered and that plaintiff's liability was secondary. Plaintiffs claim that the accident to Joe Byrd arose out of the use and operation, including the loading and unloading, of the trucks of McGill and Harrison. As a matter of fact, the trucks were being used at the time the accident occurred, but the question for determination is whether or not Maryland and Zurich were entitled to rely upon the declaration to determine their responsibility and requirement to defend the lawsuit and pay the judgment. The facts as to how the accident occurred seem to be substantially without dispute. Forrest Turner gave a statement which briefly described the facts. He stated that he was employed by Luther McGill and had a tandem truck at the location; the derrick was put together and lying

on the ground; the crown block was attached to the derrick; they were ready to attach the monkey board and had lifted the entire derrick about five feet off the ground with a line from the winch on his truck; he then shut the engine off with the winch in gear, and the brake on the winch was automatically on; Harrison had his truck up next to the derrick and was carrying the monkey board to the derrick with his truck; Harrison had his winch line thrown over the derrick, had it attached to the monkey board and started winching the monkey board up; Byrd had attached the line to the monkey board. This was substantially the statement of Turner. The other exhibits show that during the progress the cable broke and Byrd was injured.

Employer's policy, under Coverage "A", which was issued to Crow Producing and Drilling Company, agreed to pay on behalf of the insured all sums which the insured became legally obligated to pay as damages because of bodily injury by the use of any automobile, and under Coverage "B", any sums which the insured should become obligated to pay as a result of accident, etc. It had another clause in the policy to the effect that if the automobile of the third party was being used, that then Employers would be liable only for the amount in excess of the insurance carried by the third party.

The foregoing are substantially the material facts involved in the present litigation, and under the facts of the case the injury to Byrd grew out of the use of the automobile trucks, but there was no indication in the declaration to that effect. However, the trucks were being used, but no negligent use of the trucks contributed to the injury. The system that was being employed by Crow and Boland was the negligence that caused the injury and the declaration was based upon that ground, but under the policies the trucks were being used. Red Ball Motor Co. v. Employers, 5 Cir., 189 F.2d 374. Under the law in Mississippi the Insurance Company when its insured is sued has the right to determine from the declaration filed by the plaintiff against the insured whether it is required to defend and assume responsibility for any judgment that might be rendered. See United States Fidelity & Guaranty Co. v. Yazoo Cooperage Co., 157 Miss. 27, 127 So. 579; Commercial Casualty Insurance Company v. Tri-State Transit Company, 190 Miss. 560, 1 So.2d 221, 133 A.L.R. 1510; Boutwell v. Employers Liability Assurance Corp., 175 F.2d 597 (CCA 5th). The Supreme Court of Mississippi has definitely ruled that an insurance company has the right to look to the form of the declaration and its contents and determine from that if the damages claimed grew out of any coverage under the policy. The Boutwell case followed this line of decisions. In that case the declaration was sufficient to require the Insurance Company to defend and assume the payment of the judgment and sufficiently gave the Company notice of that requirement, and in addition thereto an amendment was made to the complaint which definitely showed the responsibility of the Company, but the court held that without the amendment the declaration was sufficient, but announced in no uncertain terms the law of Mississippi.

In the present case the declaration nowhere alleged any negligence growing out of the use of the automobile trucks nor in any way referred to the trucks, and the two companies were justified in assuming that their policies did not cover the lawsuit as filed by Joe Byrd in the State Court. Up until the time the suit had been filed neither one of the companies had ever been called upon to investigate the injury to Joe Byrd or the facts as to how it occurred. For these reasons and under this law the plaintiff is not entitled to recover from either one of the defendants herein.

A judgment may be drawn dismissing the complaint and all relief denied.