155 So.2d 278 (1963)
C. A. COLLINS & SON, Plaintiffs-Appellants,
v.
POPE BROS. STEAM CLEANING COMPANY et al., Defendants-Appellees.
No. 9974.
Court of Appeal of Louisiana, Second Circuit.
June 20, 1963.
Peters, Tuck & Ward, Shreveport, for appellants.
Morgan, Baker, Skeels & Coleman, Shreveport, for Pope Bros. Steam Cleaning Co. and Home Indemnity Co.
Shuey & Smith, Mayer & Smith, Shreveport, for C. & C. Oil Field Servicing Co. and Eagle Star Ins. Co. Ltd. of London.
*279 Blanchard, Goldstein, Walker & O'Quin, Shreveport, for Phoenix Ins. Co.
Before HARDY, AYRES and BOLIN, JJ.
HARDY, Judge.
This suit was originally instituted by plaintiff partnership against Pope Bros. Steam Cleaning Company, also a partnership, and its insurer, Home Indemnity Company, claiming fire damage to described oil well equipment allegedly caused by negligence of the operations of the defendant, Pope Bros. Pope and its insurer impleaded C. & C. Oil Field Servicing Company as a third party defendant, asserting that it was responsible for the negligence which caused the damage, and, alternatively, was a joint tort feasor. To this third party petition C. & C. and its insurer, Eagle Star Insurance Company, Ltd. of London, filed an answer generally and specifically denying any responsibility for the alleged acts of negligence and then asserted a reconventional demand against all other parties to this litigation. Plaintiffs in reconvention, in the course of their petitions, alleged that a tube pulling unit owned by C. & C. was under rent at the time of the fire to the original plaintiff, Collins. Collins filed an answer to the reconventional demand, denying the allegations thereof. After the filing of other pleadings which are not material to the issue presented by this appeal, Collins, by supplemental petitions, made demands upon the Phoenix Insurance Company, its liability insurer, as a third party defendant, praying that said defendant be ordered to appear and defend the suit, and, alternatively, that there be judgment over against said insurance company for any liability found against Collins as its insured, and for all expenses of the defense of the said suit. Phoenix filed an exception of no cause of action, predicated upon the proposition that the insurance contract with Collins specifically excluded coverage of rented property. From judgment sustaining the exception and dismissing Collins' demands against Phoenix Insurance Company, the former prosecutes this appeal.
The issue is stated by counsel for appellant as follows:
"The principal issue in this cause is whether the duty of a liability insurer to defend and be called into a suit is to be measured only by a reconventional demand which makes an inconsequential and non-essential allegation taking the case from the coverage of the insuring agreement when such allegation is emphatically denied by the insured."
The principal arguments by counsel for both parties are devoted to a consideration of the opinion of this court in Kelly v. United States Fidelity & Guaranty Company (2nd Circuit, 1954), La.App., 76 So.2d 116. Counsel for appellant urge that the Kelly case is distinguishable from the instant matter and therefore should not be accepted as authority, while counsel for appellees urge, with equal zeal, that Kelly should be regarded as establishing a principle clearly applicable to the case before us.
Under the circumstances, and with regret, we think it necessary to set forth a brief resume of the facts and issues presented in the Kelly case. Plaintiff, Fancy A. Kelly, Sr., the driver and operator of a truck owned by Frank A. Kelly, Jr. and insured by the defendant, while transporting a number of farm workers, was involved in an accident in which some of the occupants of the truck were injured. The injured parties brought suit against Kelly, Sr., alleging that they were his farm laborers, and were injured while being transported to work. Defendant insurer was notified of the filing and pendency of the suits, and called upon to defend them under the provisions of the policy argeement. The insurer refused to participate in the defense on the ground that the policy specifically excluded coverage for injury of any employee of the insured other than one engaged in domestic employment. After filing of a supplemental petition, including a call *280 in warranty, the defendant was forced to undertake the defense of the suits and made compromise settlements of the claims of the injured plaintiffs. Thereafter, the Kellys instituted the suit, cited supra, for the collection of attorney's fees and costs incurred prior to the entry of the insurer into the litigation.
The issue in the cited case required a determination as to whether there was a duty upon an insurer to defend an action in which the petition or complaint alleges facts which, if proved, would establish liability upon the insured but with respect to which liability the policy excluded coverage.
We answered the question in the negative, holding, upon the basis of authorities cited, that the duty of a liability insurer to defend a suit against its insured, whether groundless or not, must be measured by the allegations of the declaration in said suit rather than by its outcome.
Annotations of authorities supporting this basic rule are found in 50 A.L.R.2d pages 465, et seq. The holding in the Kelly case has since been followed in Superior Cleaners v. New Amsterdam Casualty Company (1st Circuit, 1959), La.App., 116 So.2d 195; and Foreman v. Jordan (3rd Circuit, 1961, writs denied), La.App., 131 So.2d 796.
It is urgently contended in the instant case by learned counsel for appellant that the allegation that the equipment was rented is not a principal basis of the reconventional demand and must rest primarily upon the allegations of negligence. We do not perceive that this changes the issue in any degree. Exactly the same element was present in the Kelly case. While it may be true that the allegation of rental is "* * * inconsequential and non-essential * * *" with reference to the issue of negligence asserted against Collins, it is of primary and controlling importance with respect to the contract of insurance between Collins and Phoenix.
Diligent counsel further strenuously contends that the pleadings in this record on behalf of Collins specifically deny that the equipment was under rent. In this connection counsel makes the following statement:
"In all of the cases standing for the proposition as enunciated in the Kelly case, there was only an original complaint at issue and no such situation as is presently before the court."
The above statement is inadvertently erroneous. We have taken the precaution of reviewing the original record in the Kelly case and find that the allegation of employment, as made in the original petitions, was denied by the defendants. It was also true that the trial court had found the injured plaintiffs were not Kelly's employees and, therefore, the exclusionary clause did not apply. When the case came before us on appeal, therefore, liability had been fixed and accepted by the insurer and our examination of the issue was limited to the question of the right of the insurer to initially refuse to defend in an instance in which the petitions alleged facts which would come within an exclusionary agreement of the insurance contract. Under these circumstances, it would appear that the position of the insured in the Kelly case was much stronger than that of appellant in the instant matter. In any event, we think the unambiguous exclusionary provision of a policy of insurance fully justifies an insurer in refusing defense of any action in which the declaration, petition or complaint affirmatively alleges the existence of a fact which would justify application of such a contractual exclusion.
The exception filed by appellee further raised the point that plaintiff-appellants' third party demand for judgment over was premature. This objection is soundly based upon the clear provision of the policy, which reads, in part, as follows:
"No action shall lie against the company, unless as a condition precedent thereto, the insured shall have fully complied with all the terms of this *281 policy, or until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company."
In opposition to this position counsel relies upon Bordelon v. Ledeau's Lumber Yard (1st Circuit, 1937), La.App., 177 So. 436. The cited case does not constitute the slightest authority nor is it in any sense applicable with respect to the issue here presented. The case involved a workmen's compensation policy which contained a direct obligation by the insurer not only for the payment of claims adjudicated against the insured but further to defend in the name and on behalf of the employer-insured any suits, despite the fact that the demands therein might be wholly groundless, false or fraudulent. This distinction was made by our brethren of the First Circuit in Superior Cleaners, et al. v. New Amsterdam Casualty Company, cited supra.
For the reasons assigned the judgment appealed from is affirmed at appellant's cost.