LOTTINGER, Judge.
One Robert H. Jordan was the owner of a 1956 Ford Fairlane automobile which was insured by the Employers’ Liability Assurance Corporation, Ltd. with a policy which was in effect on May 7, 1961, at which time the vehicle was damaged while being operated by Patricia Gallo, minor daughter of Charles Gallo. At the time, the latter had a standard family automobile policy with Southern Farm Bureau Casualty Insurance Company. Employers’, as subrogee of the owner of the 1956 Ford Fairlane, Robert H. Jordan, filed suit against Gallo alleging that the damages that it was forced to compensate for were caused by the negligence of Patricia Gallo. Southern Farm Bureau refused to defend the lawsuit on the ground that the facts alleged in the petition excluded Patricia and Charles Gallo from coverage under the policy with them. Charles Gallo answered the original petition and filed third party petition calling in Southern Farm Bureau as a third party defendant. The latter filed exceptions of no right or cause of action and a motion for summary judgment which were ruled on favorably as to Southern Farm Bureau, third party defendant, and the suit was dismissed as to it. A rehearing was had which resulted in affirmation of the original judgment, from which the original defendant, Charles Gallo, has appealed.
Counsel for defendant-appellant, in brief, admits that under the holding in Kelly v. United States Fidelity & Guaranty Com *722 pany, La.App., 76 So.2d 116, that when determining if a liability insurer has the duty to defend, only the allegations of the petition against its insured are to be considered; however, he maintains that the insurer cannot claim an exclusion under the policy and refuse to defend unless the petition against the insured affirmatively alleges the existence of a fact which would justify the application of the contractual exclusion.
The pertinent provisions of the policy, which was introduced into evidence, are as follows:
“The following are insureds under Part I:
“(a) With respect to the owned automobile,
“(1) the named insured and any resident of the same household,
“(2) Any other person using such automobile, provided the actual use thereof is with the permission of the named insured;
“(b) With respect to a non-owned automobile,
“(1) the named insured,
“(2) any relative, but only with respect to a private passenger automobile or trailer,
provided the actual use thereof is with the permission of the owner;”
The pertinent provisions of the plaintiff’s petition are as follows :
“2.
“That on or about the 7th. day of May, 1961, petitioner had in full force and effect a $100.00 deductible collision automobile policy on a 1956 Ford Fair-lane automobile, owned by Robert H. Jordan, as assured.
“3.
“That on the said date at approximately 5 P.M., petitioner’s assured’s daughter, Betty Jean Jordan, parked the aforesaid automobile in the grounds of St. Scholastica School in Covington, Louisiana, where she was a student; that some time between the hours of 5 P.M. and 8 P.M., the said automobile was taken and driven away, without permission and without the knowledge and consent of the said Betty Jean Jordan by Patricia Gallo, the minor daughter of the defendant herein.
“4.
“Petitioner avers upon information and belief that the said Patricia Gallo had been drinking prior to the taking of the car without permission, and was under the influence of alcoholic beverages when she drove the car into a ditch, causing damage thereto as hereinafter set forth.”
The appellants’ argument seems to be that the above allegations are only to the effect that the car was taken without the permission of the owner’s daughter. This we do not believe to be true, for Articles 3 and 4 of the petition both recite that the vehicle was taken by Patricia Gallo without permission and which term would relate certainly to the owner, the only one who could give actual permission, as well as to his daughter. Thus, the allegations set forth a situation of a relative of the named insured taking a non-owned vehicle without the permission of the owner, a situation specifically excluded under the policy. There was, therefore, no duty on the part of the insured to defend the lawsuit and the judgment of the court below is, therefore, correct.
For the reasons assigned, the judgment appealed from is affirmed.
Judgment affirmed.